. Mr. Chief Justice TANEY
 

 delivered the opinion of the court.
 

 We think the question certified has been settled by.the decision of this court, and that it .is unnecessary to go into an examination of 'the English laws which were cited in the argument. It is admitted that 'the bill was the property of the plaintiff, and was transmitted to St. John, at Augusta, for collection, and by him transmitted to the defendant, at Savannah; where the, drawer resided; and.that no consideration was paid for the bill, either by the defendant or St. John. According to the usual course of dealing among , merchants, the transmission of the paper to St. John gave him an implied authority to send it for .collection to a sub-agent at Savaiinah, for it could not have-been expected by the plaintiff that St. John was to go there in person, either tp procure the acceptance-of the bill, or to receive the money, nor could St. John have so .understood it. JSo far, therefore, as the question «of privity is concerned, the ease before us is precisely the game with that of the Bank of the Metropolis
 
 v.
 
 The New England Bank, 1 How. 234. In that case, the bills upon which the money had been received by the plaintiff in error, were the property of the New England Bank, and had been placed by it in the hands of the Commonwealth Bark for-collection, and were . transmitted by the last mentioned bank to thé Bank of the Metropolis, in Washington, where the bills were payable. Arid upon referring to the case,'i.t will be-seen that the court entertairied no doubt of the right of the New England Bank to maintain the action
 
 *770
 
 for money'had and received, against the Bank of the Metropolis; and the difficulty in the way of its recovery-in the action was not a want of privity, but arose from the right of the Bank of the Metropolis to retain, under the circumstances stated in the case, for its general balance against the Commonwealth Bank. In .that case, as in the present, the agent' transmitting the paper appeared, by the endorsements upon it, to be the real owner, .and the party to whom it was transmitted- had no notice to the contrary, and the money received was credited to the Commonwealth Bank. We think, the rule very - clearly established, that whenever, by express agreement between the parties, a sub-agent is to be employed by the agent to receive money for the principal, or where an authority to do so- may fairly be implied from the usual course of trade, or the nature of the transaction, the principal may treat the sub-agent as his agent, and when he'has received the money, may recover it in an action for money had and received.
 

 Another question has been .raised in the argument, that is, whether the defendant has a right to retain on account of the money due to him from St. John? As this point has not been certified, it is not regularly before the court, yet as it has been-fully argued on both sides, and evidently arises in the case, it seems proper to- express our opinion upon it, as it may save the parties from further litigation and expense.
 

 -Upon this part of the case, as well as upon the question certified, we ffiink the case of the Bank of the Metropolis
 
 v.
 
 The New England Bank, decisive against the "defendant. It appears from the statement that he made no advances, and gave no new credit to St. John on account of this bill. He merely passed it to his credit in account. Now if St. John had owed him nothing, upon the principles we have already stated, the plaintiff would be entitled to recover the money; and we see no reason why he should be barred of his action-because St.John was debtor to. the defendant, since the case shows that he incurred no new responsibility upon the faith of this bill, and his transactions with St. John remained in all respects the same as they, would have been if this bill had never been-transmitted to him. . In the case of the Bank of the Metropolis arid the New England Bank, it appeared in evidence that there had for a long time been inutual dealings between these two banks, in the collection of money for each other, and that, balances were suffered to remain and credit given upon the faith of the paper transmitted or expected-to be received, according to the usual course- of their business with one another. And the court held, that if credit had been so given, the party giving it hád the same right to retain as if he ha.d piade an, advance of money; the hazard he ran by the extension of the credit giving him as just and equitable a right to retain, asfif he had incurred responsibility by an advance of money. The right to retain, in that case, depended upon the fact that credit was given. But in
 
 *771
 
 the case at bar this fact is expressly negatived, and there is no ground, therefore, upon which he can retain, according to the principles decided in the case referred to.
 

 • As this point, however, is not in.strictness regularly before this court, we shall confine our answer to the question sent here for decision, and shall direct it to be certified to the Circuit Court, that there was such a privity of contract between the plaintiffs and defendant, as would enable the former to maintain the action for money had and received.