HOLLY v. DOMESTIC & FOREIGN MISSIONARY SOC.

(Circuit Court, S. D. New York. March 1, 1898.)

1. TRUSTS—MONEY WRONGFULLY PAID OUT—RECOVERY BY FREE OWNER.

Money intrusted to another, and by him wrongfully paid out, may be recovered by the true owner, so long as it is traceable, if its possession, with liability of its recovery, has wrought no disadvantage to those to whom it has been paid.

2. TRACING MONEY IN HANDS OF INNOCENT HOLDER—BURDEN OF PROOF.

Plaintiff intrusted money to another, who deposited it in bank in his own name, with funds of his own, and afterwards paid a legacy to defendant by check on said bank, after the payment of which a considerable balance still remained to his credit. Held, that, in the absence of proof to the contrary, such balance would be treated as a part of plaintiff's money, and he could only recover the residue.

3. ELECTION OF REMEDIES—MONEY WRONGFULLY PAID OUT—ATTEMPT TO RECOVER FROM WRONGDOER.

An unsuccessful attempt to recover from the wrongdoer money paid out in breach of a trust is not such an election of remedies as will bar a recovery against one to whom it has been paid, in the absence of circumstances creating an estoppel.

Arthur M. Burton and Cephas Brainerd, for plaintiff.
Julien T. Davies and Herbert Barry, for defendant.

WHEELER, District Judge. Henry C. Thompson was a lawyer and real-estate agent in Philadelphia, and was an executor of the estate of James Saul, of Philadelphia, and had in his hands as such about $15,000, devised and decreed to the defendant, of New York. The plaintiff gave him a check for $12,000, and a receipt for $200 advanced, to pay for a house which the plaintiff had bargained for. He immediately deposited the check in another bank, where he had about $4,000 more, gave his check on that bank to the defendant for $15,-577.54, and took a receipt as "from executors estate James Saul," for that amount, without further specification. When the plaintiff learned where his money had gone to, he demanded it of the defendant, and brought this suit to reach it.

Principles adequate for the decision of this case are found, as understood, in Wilson v. Smith, 3 How. 763, and National Bank v. Insurance Co., 104 U. S. 54. In the former case the defendant had collected a draft belonging to the plaintiff, received from a person who had received it from the plaintiff, and credited the proceeds to the person from whom the defendant received it on an account before due, without any knowledge that it belonged to the plaintiff, or did not belong to him. The plaintiff there was held to be entitled to recover, at law, because the money belonged to him, and no new transaction had arisen between the defendant and the one from whom he received it

but the crediting of it on the previous debt. The defendant here is in the same situation in respect to this money, except that the money was delivered in breach of trust, which is no betterment. In the latter, after a thorough examination of the cases, money is said to be recoverable by the true owner so long as it is traceable, and its possession, with liability of its recovery, has wrought no disadvantage.

Thompson had, with the plaintiff's check of $12,000, an apparent credit in the Union Trust Company of $17,158.60, and drew one check of $42 and another of $50 on the same day that he drew the check for the defendant; but whether either or both before or after that one does not appear, but, if after, he had an apparent credit not drawn against of $17,066.60, which would leave $1,489.06 after that check of $15,577.54 was drawn, and which might as well be a part of the plaintiff's as of any other money, and that amount of other money as well drawn against as the plaintiff's. But, if all was so, the check must have been drawn against at least $10,326.94 of the plaintiff's money. Afterwards but $104.35 was deposited, and a check of $507.58 was drawn, and, with these two checks of $42 and $50, paid before the check to defendant was paid; and after that was paid a balance of $885.35 was left to the credit of Thompson. These checks may as well have been paid from, and this balance as well left of, the plaintiff's as any other money, and, so reckoning them all, there still remains $10,028.82 of the money that went to the defendant which came directly from, and belonged to, the plaintiff. This tracing accords to the defendant full advantage of the fact that neither money itself nor bank credit for money has any earmarks; and puts upon the plaintiff the burden of showing what of his money must actually have come into the hands of the defendant, by allowing for all that, from want of earmarks or confusion of credits, may have in any manner gone elsewhere. In National Bank v. Insurance Co., 104 U. S. 54, Mr. Justice Matthews said, at page 69, in giving a reason for a dissent of Sir George Jessel, M. R., from Lord Ellenborough: "For equity will follow the money, even if put into a bag or indistinguishable mass, by taking out the same quantity; and the doctrine that money has no earmark must be taken as subject to the application of this rule."

The plaintiff, before learning where his money had gone to, undertook by legal proceedings to collect it of Thompson. This is claimed to be such an election of rights or remedies as to prevent recovery of the defendant afterwards. The defendant does not appear to have been induced by that to do, or leave undone, anything otherwise than was done; or to have been in any way affected by that course which, if it had been successful, would have been advantageous to the defendant. In National Bank v. City Bank, 103 U. S. 668, the plaintiff sought to recover for negligently delivering wheat to an elevator belonging to A. F. Smith & Co., drawers of drafts secured by bills of lading, which was followed and partly recovered after it had been drawn out of the elevator and forwarded to others. As to this Mr. Justice Miller, in delivering the opinion of the court, said:

"Some question is made in the argument as to the effect of proceedings taken by plaintiff to recover the wheat or its value of parties who bought or received it from A. F. Smith & Co. It is only necessary to say, if the jury shall be of

opinion that defendant was negligent in delivering the wheat to A. F. Smith & Co., it is responsible to plaintiff for the amount of the unpaid drafts, less any sum not actually recovered from others."

Here the plaintiff recovered nothing of Thompson, and there is nothing to be deducted.

Some suggestion is made that this was received as a charitable bequest, and so applied that it had gone beyond reach, and cannot be recovered. But the defendant has not shown that this particular money has been applied to any particular purpose as coming from Saul, or otherwise than as it would use its general funds in furtherance of its objects, nor that any of this particular money was applied to any of its purposes. As the defendant retained the money after notice that it was the plaintiff's, and claimed by him, interest upon it follows from that time. Decree for plaintiff for $10,028.82, with interest.