ELIZABETH KISTNER and GEORGE KISTNER, Appellants, v.
J. E. CONERY.

**Assignment of Errors:** APPEAL ON CERTIFICATE. Code, section 4136,
providing that no question shall be considered by the supreme
court in an ordinary action, unless pointed out by an assignment
of error, applies to cases coming up on certificate, especially, as
under existing law the certificate need not point out the exact
question to be decided.

*Appeal from Blackhawk District Court.*—HON. FRANKLIN
C. PLATT, Judge.

FRIDAY, OCTOBER 20, 1899.

ACTION of mandamus to compel defendant, who is a
justice of the peace, to allow an appeal. The trial court
sustained a demurrer to the petition, and plaintiffs appeal.—
*Dismissed.*

*H. H. Bezold* for appellants.

*No appearance* for appellee.

PER CURIAM.—The case comes to us on a certificate
from the trial judge which contains a copy of the petition
filed by the plaintiffs, and of the demurrer interposed by
defendant, and the following record made by the court:
"Demurrer to petition submitted and sustained, and plain-
tiffs except." There is no statement that plaintiffs elected to
stand on their petition, or that any judgment has been rend-
ered against them. There is no assignment of error, and the
only showing with reference to the appeal is, "Appeal to
the supreme court according to law," following the certi-
ficate of the judge. While the new Code, section 4110, dis-
penses with many things theretofore required in a certificate
for appeal where the amount in controversy is less than one

hundred dollars, yet it does not dispense with assignments of error and other matters essential to a proper presentation of appeals to this court. It must appear that we have jurisdiction, and that the questions presented are not merely moot or abstract ones; and Code, section 4136, expressly provides that no question shall be considered by this court in an ordinary action, unless pointed out by an assignment of error. This statute should be applied to cases coming to us on certificate; for, as the new Code does not require the exact questions to be certified, there is more reason for holding an assignment of error necessary than there was under the Code of 1873. Whether an assignment was necessary under the Code of 1873 is left undecided in *Bank v. Pottorfe,* 96 Iowa, 354, although it is intimated that an assignment is essential to a proper presentation of the appeal. There is nothing for us to consider, and the appeal is DIS-MISSED.