A. W. PERCIVAL v. STRATHMAN & BEH, Appellants.

Check Indorsed to Agent:   DEDUCTION OF AGENT'S DEBT:   *Rights of*
*principal.*  Plaintiff, having received a check to his order for
$150, indorsed it in blank, and delivered it to his father, with
instructions to obtain the cash on it, and remit in payment of
a debt owed by plaintiff.  The father also indorsed the check
in blank, and presented it to the defendant, the bank on which
it was drawn, where there were funds to meet it.  Defendant,
being without notice that the check did not belong to the
father, insisted on deducting an indebtedness of the father
from the amount of the check, which the father finally con-
sented to, and received the balance, remitting it as instructed.
*Held,* that plaintiff was entitled to recover the amount so de-
ducted, since defendant parted with nothing on the faith of
the check.

Review on Appeal:   CERTIFIED QUESTIONS.  Under Code, section 4110,
providing that a trial judge may certify that an appeal should
be allowed where the amount in issue is less than $100, where
the trial judge certifies questions in such case to the supreme
court it will not be limited to questions so certified, but may
consider any error properly assigned.

ASSIGNMENT OF ERRORS.  Where appellant failed to raise his point
by assignment of error, the question will not be considered
on appeal.

*Appeal from Dickinson District Court.*—HON. W. B.
QUARTON, Judge.

FRIDAY, JANUARY 18, 1901.

ACTION for balance on a check.  The defendants
appeal from judgment as prayed.—*Affirmed.*

*V. A. Arnold* and *Cory & Everett* for appellants.

*W. S. King* and *L. E. Francis* for appellee.

LADD, J.—The trial judge is no longer required, where
the amount in controversy does not exceed $100, to certify

questions of law for our determination, in order to confer jurisdiction. The practice has been greatly simplified by section 4110 of the Code, and now all such cases, when containing his certificate that "the appeal should be allowed," are heard on assignment of errors, precisely the same as other actions at law. While the certificate in this case is not in the language of the statute, the evident purpose was to allow the appeal, though under the misapprehension that the questions to be decided must be specifically stated. This was unnecessary, and, of course, will not limit this court to those mentioned if any have been omitted.

II. It appears that Fred Bridge gave a check for $150 on the defendant firm to plaintiff, and that the latter, after indorsing it in blank, delivered it to his father, with instructions to collect, and remit in payment of a debt plaintiff owed in Missouri. Upon presentation, defendant suggested an existing indebtedness of the father to the firm, and insisted on withholding $57.72 in payment thereof. The father objected, but on the following day returned, and accepted the balance of $92.28, which he remitted as directed. The defendant supposed the father was owner of the check, and plaintiff did not learn of the transaction until several days later. Bridge had funds with the firm subject to check, and, if not fully paid, recovery may be had for the balance. *Thomas v. Bank,* 99 Iowa, 209; *Roberts v. Corbin,* 26 Iowa, 315. The appellant has argued the case on the theory that there was a sale of the check. On the contrary, the defendant was merely the drawee, whose duty it was to pay, and the father the agent of plaintiff to collect; and the question to be decided is whether, as against the owner, the amount of the agent's debt may be thus withheld. Now, the defendant parted with nothing, and will be in precisely the same situation after paying this balance as before the transaction. The absence of notice, then, is wholly immaterial. That, under

such circumstances, the agent's indebtedness may not be applied on a check or draft as against the claim of the principal, is well settled by authority. *Bank of Metropolis v. New England Bank,* 6 How. 224 (12 L. Ed. 409); *Wilson v. Smith,* 3 How. 764 (11 L. Ed. 820). See *Carroll v. Bank,* 30 W. Va. 518 (4 S. E. Rep. 440, 8 Am. St. Rep. 101), and *Warman v. Bank,* 185 Ill. Sup. 60 (57 N. E. Rep. 6, 49 L. R. A. 412); 2 Morse Banks 3d ed.) 591.

III. Whether further demand before bringing the action was necessary cannot be considered, as the point is not made in the assignment of errors, and the evidence left no doubt as to plaintiff's ownership of the check. Many other questions are argued by appellant, but, as none save those mentioned are involved, we ought not to consider them on this appeal.—AFFIRMED.