WILLIAM FRITZ, Trading as Interstate Nursery Co., Appellee, v. GEORGE W. SNIDER, Appellant.

**Appeal:** REVIEW ON CERTIFICATE: SUFFICIENCY OF CERTIFICATE. The certification of a cause to the Supreme Court for review involving less that one hundred dollars must cover the entire record upon which the questions to be reviewed arise; a certification merely of questions as to the admissibility of evidence is not sufficient to authorize a review thereof.

*Appeal from Jefferson District Court.*—HON. D. M. ANDERSON, Judge.

THURSDAY, MAY 12, 1910.

APPEAL *dismissed.*

*Rollin J. Wilson,* for appellant.

*Tisdale & Heindel,* for appellee.

LADD, J.—The amount in controversy was less than $50. The evidence was not taken down in shorthand, and no bill of exceptions filed. The trial judge, at the time judgment was entered, filed a certificate, reciting the issues, certain rulings on the admissibility of evidence, saying had they been the other way, judgment would have been for defendant, and added that: "It is thought of substantial interest in the administration of law governing such a contract to have the decision of the Supreme Court upon the admissibility of evidence offered by the plaintiff and received by the court, and the questions relating thereto are hereby certified to the appellate court by the judge sitting as the district court in and for Jefferson County."

The certificate is not such as is exacted by statute to confer jurisdiction on this court in a suit for breach of contract wherein the amount in controversy, as appears from the pleadings, does not exceed $100. There can be no review "unless the trial judge shall, during the term in which judgment is entered, certify that the cause is one in which the appeal should be allowed, and, upon such certificate being filed, the same shall be appealable regardless of the amount in controversy." Section 4110, Code. The certificate required is of the cause, and not of the questions, to be decided. The latter must arise in the record as in causes appealable without certificate, and upon appeal are to be presented and disposed of in pursuance of like procedure. *Kistner v. Conery,* 109 Iowa, 439; *Percival v. Strathman,* 112 Iowa, 747; *Wood v. Griffith,* 141 Iowa, 314.

What questions are presented by the record, and the influence of any errors discovered on the outcome, is for this court alone to determine. In the absence of such a certificate as required by statute, and of any record evidencing the rulings complained of, the appeal must be, and it is, *dismissed.*