CONTINENTAL TRUST COMPANY *v.* BUTTS COUNTY *et al.*

HILL, J.    The Salisbury Metal Culvert Company, through its agent, H. C. Tuggle, sold to the County of Butts certain metal culverts for which J. O. Gaston, as commissioner of roads and revenues of Butts County, issued three certain county warrants, or county orders, dated June 22, 1914. These orders were for the principal sum of $2200 each. The validity of the indebtedness evidenced by these warrants at the time of their issuance is not in controversy. Tuggle, as agent of the Salisbury Metal Culvert Company, had authority to receive payment for the culverts, and did in fact receive the warrants in payment. According to the petition, Tuggle, as agent, on or about February or March, 1915, desired to procure from Gaston, as commissioner of roads and revenues of Butts County, certain other duplicate warrants or orders in lieu of the outstanding warrants, which were then in the possession of the Commercial Credit Company as transferee; and Gaston, as commissioner, did issue, in April, 1915, certain other county warrants for the same amounts as the old warrants, in lieu of those outstanding, with the understanding between Tuggle and Gaston that the first warrants issued would be returned to Gaston as commissioner. The three new warrants were delivered to Tuggle, as agent of the Salisbury Metal Culvert Company. But Tuggle, as agent, or otherwise, failed to return the first warrants to Gaston, commissioner. The new warrants were sold to the Continental Trust Company, and on May 8, 1915, the Continental Trust Company paid to the Salisbury Metal Culvert Company the full purchase-price agreed upon for the warrants. The Continental Trust Company had no knowledge of the agreement between Tuggle, as agent, and Gaston as commissioner, or that there were outstanding warrants of the County of Butts representing the debt for which the warrants were issued, until January 1916. The Continental Trust Company, and the Salisbury Metal Culvert Company and the Shunk Plow against Butts County and Gaston as commissioner of the county, to compel the county to levy a tax sufficient to pay the new warrants; and injunction was also prayed against the Commercial Credit Company, and the Salisbury Metal Culvert Company and the Shunk Plow Company, to enjoin them from enforcing certain claims growing out of the old warrants. Plaintiffs by amendment prayed judgment against Gaston individually, which amendment was stricken, and exception was taken pendente lite. A demurrer to the petition was sustained. *Held:*

1. The first or old orders issued by the commissioner being valid and binding on the county, the new orders were issued without authority

of law and were void; and the plaintiff, although holder of the new orders for value and without notice, has no right of action against the County of Butts to enforce their payment.

2. The court did not err in striking the amendment praying judgment against Gaston individually.

3. Relatively to the other defendants, who were non-residents of Butts County, the court was without jurisdiction.

*Judgment affirmed. All the Justices concur.*

No. 856.    December 12, 1918.

Equitable petition. Before Judge Searcy. Butts superior court. February 18, 1918.

*Robert C. & Philip H. Alston* and *J. T. Moore,* for plaintiff.

*Smith, Hammond & Smith, W. H. Woodson, T. B. Higdon, H. M. Fletcher, E. J. Reagan, C. L. Redman,* and *W. E. Watkins,* for defendants.