### FULTON NAT. BANK OF ATLANTA v. HOSIER et al.

(Circuit Court of Appeals. Fifth Circuit. December 13, 1923.)

No. 4100.

1. **Courts ⊘263—Court of ancillary receivership held to have jurisdiction of intervention by creditor as dependent proceeding.**

In a creditors' suit, in a federal court, for liquidation of the affairs of a corporation, a court in which ancillary receivers were appointed *held* to have jurisdiction, as a dependent proceeding, of a petition of intervention against the defendant, the receivers, and a local bank to require the bank to pay to the receivers for the benefit of intervener the amount of a check of intervener, deposited by defendant, and which intervener, claimed was his property.

2. **Banks and banking ⊘134(6)—Bank not entitled to set off trust money deposited by customer against his indebtedness, where it extended no new credit because of the deposit.**

A brokerage company received intervener's check for the purchase of certain stock. It deposited the check in bank to its credit, but did not purchase the stock. On appointment of receivers for the company the bank applied the deposit on a prior indebtedness of the company to it. The bank had no knowledge of the true ownership of the money, but

---

did not change its position by reason of the deposit. *Held*, that intervener, who remained owner of the money as against the company, was entitled to recover it from the bank.

Appeal from the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

Suit in equity by the Beaver Boards Companies against Imbrie & Co. On petition in intervention by I. S. Hosier against the defendant, its receivers, and the Fulton National Bank, decree was entered for intervener, from which the Bank appeals, affirmed. For opinion below, see 287 Fed. 158.

Marion Smith, of Atlanta, Ga. (Little, Powell, Smith & Goldstein, of Atlanta, Ga., on the brief), for appellant.

Arthur Heyman, of Atlanta, Ga. (Dorsey, Brewster, Howell & Heyman, of Atlanta, Ga., on the brief), for appellees.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge. This is an appeal from a decree of the District Court for the Northern District of Georgia upon an intervention of the appellee, Hosier, filed and allowed in a consolidated cause pending in that court in the nature of a creditor's bill for the liquidation of the affairs of the appellee, Imbrie & Co., and the distribution of their assets among their creditors, in which the appellees, Theodore G. Smith and John B. Johnson, had been appointed receivers. An original bill had been filed in the Southern district of New York, and an ancillary bill filed in the Northern district of Georgia, and the same receivers appointed in each case. A creditor's bill was also filed in the superior court of Fulton county, Ga., against Imbrie & Co., and was removed to the District Court, and there consolidated with the ancillary bill. In the consolidated cause, Hosier, by leave, filed his intervention against the defendants, Imbrie & Co., the receivers, and the Fulton National Bank, which was not theretofore a party to the litigation. The relief asked for in the intervention and granted by the District Court was an order to the Fulton National Bank to pay to the receivers the sum of $2,656.13 and interest, and an order to the receivers to pay said amount to the intervener. The appellant asks a reversal of the decree, and a dismissal of the intervention, and asserts (1) that the District Court had no jurisdiction of the intervention; and (2) that it decided it erroneously on the merits.

[1] 1. The District Court would have been without jurisdiction of an original suit between the intervener and the Fulton National Bank, there not being the requisite diversity of citizenship, nor the jurisdictional amount involved. Jurisdiction was claimed for the intervention as a dependent controversy, arising in the original creditor's bill, and, if it was such a dependent controversy, jurisdiction would exist, regardless of the amount involved or the citizenship of the parties. One object of the original cause was the collection of the assets of Imbrie & Co. for distribution among their creditors. On March 3, 1921, when the ancillary bill was filed, Imbrie & Co. had on deposit with the Fulton National Bank the sum of $2,656.13, the proceeds

of a check, which Hosier had given to Imbrie & Co. on February 21, 1921, to buy certain stock for him. Imbrie & Co. deposited the check to their credit and failed to buy the stock. As between Imbrie & Co. and Hosier the money was still Hosier's when the bill was filed. On March 3, 1921, the Fulton National Bank applied the deposit account of Imbrie & Co., containing the sum named, to the indebtedness of Imbrie & Co. to it. Hosier then intervened, asking the District Court to order the bank to pay the amount to the receivers for his use.

It is clear that the deposit account of Imbrie & Co. was an asset of their insolvent estate, which, if it had not been claimed by Hosier, it would have been the duty of the receivers of Imbrie & Co., to reduce to possession, and this notwithstanding the fact that the bank had attempted to appropriate it, by setting it off against what Imbrie & Co. owed the bank. It was to the interest of the insolvent estate to see that it was collected, whether it was eventually determined that it belonged to the estate or to Hosier or to the bank. The insolvent estate could not be intelligently liquidated and settled until it was determined to whom the money rightfully belonged, in order that a proper distribution of it might be made, and the claims of the respective claimants adjusted. The interest of the receivers in effecting a prompt liquidation of the estate would have entitled them to file a dependent bill or intervention to have that determination made. If the receivers could have intervened, the District Court was right in authorizing Hosier to intervene, making the receivers and the bank parties defendant to the intervention. In this proceeding all parties in interest in the controversy were brought before the court and their respective rights in the fund conclusively adjusted. Porter v. Sabin, 149 U. S. 473, 13 Sup. Ct. 1008, 37 L. Ed. 815; White v. Ewing, 159 U. S. 36, 15 Sup. Ct. 1018, 40 L. Ed. 67.

[2] 2. The question presented upon the merits is whether the right of the Fulton National Bank to set off the deposit against the indebtedness of Imbrie & Co., to it is superior to the equity of Hosier, whose check was deposited by Imbrie & Co. and created the fund. As Imbrie & Co. used Hosier's money for their own purposes, instead of to buy him the stocks, as instructed, the money, as between them, remained the money of Hosier, even after its deposit. It is conceded that the bank had no notice that the money was Hosier's, and further that the bank did not change its position to its disadvantage by reason of the deposit. The question then is: What are the rights of the bank in the absence of notice to it of Hosier's equity, and when there had been no change to its disadvantage in its relation to Imbrie & Co., upon the faith of the deposit?

The cases of Bank of Metropolis v. New England Bank, 1 How. 234, 11 L. Ed. 115, and 6 How. 212, 12 L. Ed. 409, and Wilson v. Smith, 3 How. 763, 11 L. Ed. 820, unless overruled, conclude the question. Upon the second appeal in the former case (6 How. 212, 12 L. Ed. 409) the Supreme Court, construing its former opinion in the same case, held (1) that if a bank, receiving paper for collection, had notice that the bank from which it received it had no interest in it, except as a transmitting agent, it would not be entitled to retain the paper as against the true owner; (2) that if the bank receiving the

paper had no notice of its true ownership, and treated the bank from which it was received as the true owner, yet, unless it had extended credit to or suffered balances to remain in the hands of the bank from which it received it to its disadvantage, it would not be entitled to retain the paper as against the real owner; and (3) that if the receiving bank had no notice of the rights of the true owner of the paper, and regarded the bank from which it received it as the true owner, and extended credit or suffered balances to remain in the hands of the bank, from which it received the paper, to its disadvantage, and on the faith of the receipt of the paper, then it could retain the paper as against the real owner.

In this case the concession was that the Fulton National Bank had no notice of Hosier's rights in the check and had not changed its position by reason of the deposit. Under the second rule, the bank was therefore precluded from retaining the check or its proceeds as against Hosier, and its attempted offset was ineffectual.

Appellant contends that the cases cited have been departed from by the Supreme Court in more recent cases, citing National Bank v. Insurance Company, 104 U. S. 54, 26 L. Ed. 693, and Union Stockyards v. Gillespie, 137 U. S. 411, 11 Sup. Ct. 118, 34 L. Ed. 724. In each of these cases the Supreme Court entered upon an extended inquiry as to whether the bank had notice of the character and ownership of the deposit, and the argument is that such an inquiry would have been futile if the court adhered to the previous cases, which held notice to be unnecessary. The previous cases were not mentioned in the opinions of the court in either of the later cases cited. The older cases were deliberately decided; the Bank of Metropolis Case having been twice considered by the court on separate appeals, and the conclusion reached upon the first appeal having been reaffirmed upon the second. We are not prepared to say that the older cases have been overruled inferentially and without mention by the later cases. If the Supreme Court had intended to depart from the earlier cases, it would not have left its intention merely to inference or implication. In each of the later cases relied upon by appellant, the court held that the bank had notice under the facts as to the true ownership, so that the most that may be said of those cases is that the court reached the conclusion that the earlier cases required, but by an unnecessary process, in view of what had theretofore been decided by them.

We find no error in the record, and the judgment and decree of the District Court is affirmed.