## COMMERCIAL CREDIT CO. et al. v. CONTINENTAL TRUST CO.

## CONTINENTAL TRUST CO. v. COMMERCIAL CREDIT CO. et al.

(Circuit Court of Appeals. Fifth Circuit. December 26, 1923.)

### Nos. 4072, 4184.

1. **Trusts ⬤105—Money of complainant, wrongfully used by a debtor in part payment of his debt, held reclaimable from the creditor.**

   A county issued duplicate warrants in lieu of warrants previously issued to the payee, which were to be surrendered. The payee sold the duplicate warrants to complainant, an innocent purchaser, but did not surrender the original warrants, which it had assigned to defendant as security for advances. Defendant had no knowledge of the duplicate warrants, but received from the payee a part of the money paid for the same by complainant, which it applied on the indebtedness of payee. *Held,* that such money, because of the fraud, remained the property of complainant, and that complainant was entitled to reclaim it from defendant, which had not changed its position because of the payment.

2. **Subrogation ⬤41(5)—Allegations of bill held to entitle complainant to share in tax fund.**

   Allegations of an amended bill *held* to entitle complainant by subrogation to share in a tax fund raised by a county for the payment of warrants, where duplicate warrants, which were invalid as obligations of the county, had been fraudulently sold by the payee to complainant, but a part of the proceeds had been paid to the holder of the original and valid warrants.

3. **Courts ⬤266—Jurisdiction in local suit cannot be extended to cover subject-matter beyond the district.**

   Where a federal court has jurisdiction only under Judicial Code, § 57 (Comp. St. § 1039), because the suit relates to a fund in that district, its jurisdiction cannot be extended by an amended bill to cover a subject-matter beyond the limits of that district.

4. **Principal and agent ⬤105(13)—Agency to collect held not to extend to substitution of securities.**

   A provision of a contract by which the payee of county warrants assigned the same and its accounts against the county as security for advances, authorizing it to make collections and remittances *held* not to make it assignee's agent to receive and sell duplicate warrants in lieu of those in possession of the assignee.

Appeal and Cross-Appeal from the District Court of the United States for the Southern District of Georgia; William H. Barrett, Judge.

Suit in equity by the Continental Trust Company against the Commercial Credit Company and others. From the decree, both parties appeal. Modified and affirmed.

T. B. Higdon, of Atlanta, Ga. (Alex W. Smith and Smith, Hammond & Smith, all of Atlanta, Ga., on the brief), for Commercial Credit Co. and another.

Robert C. Alston, P. H. Alston, and E. W. Moise, all of Atlanta, Ga. (Alston, Alston, Foster & Moise, of Atlanta, Ga., on the brief), for Continental Trust Co.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

GRUBB, District Judge. These two appeals were from the same decree of the District Court for the Southern District of Georgia. The Continental Trust Company, appellee in No. 4072, and cross-appellant in No. 4184 (hereinafter designated the Trust Company), filed a bill in equity in the District Court against the Commercial Credit Company (hereafter designated the Credit Company), the Salisbury Metal Culvert Company (hereafter designated the Culvert Company), appellants in No. 4072 and cross-appellees in No. 4184, and others who have not appealed, among them, Butts county, Ga., a municipal corporation. The named corporations, except Butts county, Ga., were nonresidents of Georgia, and an order was made for service on or notice by publication to them in the manner prescribed by section 57 of the Judicial Code (Comp. St. § 1039). The two nonresident corporations appeared specially and moved that the order be vacated, and the attempted service by publication quashed, and that, as to said nonresidents, the bill be dismissed for want of jurisdiction. The District Court granted the motion and dismissed the bill as to the nonresidents for want of jurisdiction, and this court reversed the decree, holding that its allegations were sufficient to confer jurisdiction under section 57 of the Judicial Code. Continental Trust Company v. Shunk Plow Company (C. C. A.) 263 Fed. 873.

The original bill asserted a claim to a fund in the hands of Butts county, being the proceeds of special taxes levied to pay debts of the county, including debts evidenced by three county warrants, issued in 1914 to the Culvert Company. The bill alleged that the Continental Trust Company in May, 1915, bought from the Culvert Company three warrants, each for $2,200, which purported to evidence debts owing by Butts county; that the warrants were issued as duplicates of the three outstanding ones of like amount, issued to the Culvert Company by Butts county in 1914, which were agreed to be surrendered by the Culvert Company to the county for cancellation; that the surrender was never made, and that, when the duplicates were issued, the original warrants were outstanding in the hands of the Commercial Credit Company, to which they had been assigned by the Culvert Company, which had theretofore sold its account against Butts county, which was evidenced by the warrants, to the Credit Company.

The bill further alleged that the Trust Company was unaware of the issue of the original warrants, and believed that the warrants sold it by the Culvert Company were the original and valid ones issued by the county. The bill further alleged that the Credit Company redelivered the warrants to the Culvert Company for surrender to the county, the Credit Company having received an indorsed note of the Culvert Company in lieu of them; that the Culvert Company failed to make the surrender to the county of the original warrant, and finally turned them back to the Credit Company, as additional security to the indorsed note for the indebtedness of the Culvert Company to it, with knowledge on its part of the outstanding duplicate warrants, and of the fact that their issue had been procured by the Culvert Company on its promise to produce and surrender the originals. Under these allegations this court held that the Credit Company held the warrants in trust for the holder of the duplicate warrants, and that the holder of the duplicate warrants had a claim to the fund in Butts county, the proceeds of taxes, to pay

the debt, evidenced by the warrants, which conferred jurisdiction on the District Court.

Upon the trial of the cause, the plaintiff failed to prove the case alleged in its bill. It failed to show that the Credit Company ever surrendered the original warrants assigned to it by the Culvert Company to that Company for cancellation by Butts county, and that the Credit Company had knowledge of the issue of the duplicate warrants or was in any way responsible for their issue, and that there was any return of the warrants to the Credit Company, through collusion with the Culvert Company, and in fraud of the rights of the Trust Company. The District Court found that the Credit Company was the owner of the original warrants as against any superior equities of the Trust Company, having purchased them for value, and having had no part in or knowledge of the issue of the duplicate warrants. The District Court, however, found that of the monies the Trust Company had paid to the Culvert Company, for the duplicate warrants, an amount of $3,041.68 was remitted by the Culvert Company to the Credit Company, and credited by the Credit Company to the amount due it from the Culvert Company, on an account of Gwinnett county due to the Culvert Company, which the Credit Company had also bought from the Culvert Company.

[1] We think this amount was satisfactorily traced from the Trust Company through the Culvert Company and H. B. Smith, its officer, into the possession of the Credit Company through remittance to it at Baltimore, and that the District Court correctly so found. The money remained the money of the Trust Company, after its receipt by the Culvert Company, because of the fraud. The Culvert Company, as collecting agent for the Credit Company, remitted the Trust Company's money to its principal, the Credit Company, which applied it to the amount due it from the Culvert Company. It did not change its position in any way when it received and applied the money. The Trust Company therefore had the right to reclaim it, if it could be traced. Fulton National Bank v. Hosier et al. (C. C. A.) 295 Fed. 611, decided December 13, 1923. The District Court rightly held that the $3,041.68 came into the possession of the Credit Company, and that the Trust Company was entitled to reclaim it. The decree of the District Court held that the holder of the duplicate warrants had an interest in the tax fund in Butts county for the payment of the account due the Culvert Company and the warrants evidencing them, subject to the prior claim of the Credit Company upon that fund. One-fourth of the fund, which in all was $6,600, had already been paid the Credit Company as holder of one of the original warrants. Out of the balance the court directed that the Credit Company be paid $1,908.32, and that the Trust Company be paid $3,041.68, which was the amount of the purchase money paid by the Trust Company to the Culvert Company, and which was traced into the possession of the Credit Company.

[2] The Credit Company also disputes the correctness of the decree upon the further grounds (1) that the pleadings did not present the issue, and (2) because the District Court had jurisdiction as against the interest of the Credit Company in the Butts county fund only, and not to render a general decree against it, and there being no connection

·between the money traced into the possession of the Credit Company and the Butts county fund, since the money was not traced into that fund, but into a bank deposit of the Credit Company at Baltimore, the District Court had no jurisdiction to decree concerning the $3,041.68.

1. The case presented by the original bill was not supported by the proof. No conspiracy between the Credit Company and the Culvert Company to defraud the Trust Company, as charged in it, was shown. Instead, the wrong, which justified the relief awarded the Trust Company, was that of the Culvert Company alone, in selling the Trust Company duplicate warrants while the originals were outstanding, and representing the duplicates to be valid originals. It goes without argument that the wrong, supported by the proof, did not admit of redress under the original bill. On February 14, 1922, the Trust Company by leave of court, and immediately before the rendition of the final decree by it, amended its bill, presumably with the purpose of conforming its pleading to the proof. The amendment is not fully set out in the agreed statement, on which the appeal is submitted, but is summarized. We gather from the summary that the effect of the amendment was to assert, in the alternative, superior rights in law and equity in the Trust Company to those of the Culvert Company in the Butts county fund, by reason of the purchase by the Trust Company of the duplicate warrants from the Culvert Company, and the right thereby to be subrogated to all the rights of the Culvert Company in that fund, subject to the right of prior satisfaction for its claim by the Credit Company, so far as it might show itself to be entitled to satisfaction out of said fund.

The facts relating to the acquisition of the duplicate warrants by the Trust Company from the Culvert Company were already set out in the original bill. The Culvert Company was the owner of an account against Butts county which it had assigned to the Credit Company to secure advances, and which was evidenced by the original warrants. If the debt of the Culvert Company to the Credit Company was paid from other sources than this fund, the former would have an equity in the fund. While the duplicate warrants which the Culvert Company sold the Trust Company were invalid as legal obligations of the county (Continental Trust Co. v. Butts County, 148 Ga. 623, 97 S. E. 679), they sufficed to transfer any equities of the Culvert Company in the account due it from Butts county, represented by the tax fund, to the Trust Company. Under the amendment, the Trust Company would be permitted to show that there was a surplus in the Butts county fund, after satisfying the Credit Company's demands upon it, to the rights of the Culvert Company in which it was subrogated, by reason of the purchase by it of the duplicate warrants through the fraud of the Culvert Company, which, if valid, would have been payable out of the said fund. The amendment to the bill, as summarized in the agreed statement, sufficiently presented the issue as to whether, as between the three companies, the Trust Company had a claim against the Culvert Company which it could fasten upon the Butts county fund as against the two companies.

2. The amendment would have been futile, unless it had charged and the proof had shown, not only a claim of the Trust Company against the two other companies, but a claim that was payable from the Butts

county fund, since jurisdiction depended upon a showing of a claim to a fund within the district in which the bill was filed, and an amendment would be allowable under section 57, only if it related to such a fund. The only liability the District Court found as against the Credit Company and in favor of the Trust Company was for $3,041.68, money of the Trust Company, which the Credit Company had received. If the District Court had stopped at rendering a general decree for that amount against the Credit Company, jurisdiction would have been lacking, since such a decree would have had no relation to the Butts county fund. It went further and directed the payment of that amount to the Trust Company from the fund. If this was authorized, jurisdiction thereby attached. The Culvert Company received $3,041.68 from the Trust Company, as part of the purchase money for the duplicate warrants. The sale of the warrants was a transfer of the interest of the Culvert Company in the account against Butts county and in the fund. The Culvert Company remitted $3,041.68 to the Credit Company, to be applied as a credit on the Gwinnett county account, and it was so applied. The money, however, was not that of the Culvert Company, nor by the remittance did it become the money of the Credit Company, and neither had the right to direct its application. Equity could either have decreed its restoration to the Trust Company by the Credit Company, or have decreed such an application of it, as would have accomplished the same result. If applied as a payment on the Butts county account and warrants, it would have reduced the interest of the Credit Company in the·Butts county fund by that amount, and would have left the same amount for distribution to the claimants other than the Credit Company. As the only other claimants were the Trust Company and the Culvert Company, whose rights the Trust Company had acquired, the District Court properly directed payment of $3,041.68 to the Trust Company out of the fund in Butts county.

[3] The decree of the District Court also contained certain provisions relating to a suit pending in North Carolina, instituted by the Credit Company against the Culvert Company, and it decreed subrogation, the right of the Trust Company to be represented by associate counsel in the North Carolina suit, and a further retention of jurisdiction over the cause in order to administer the collaterals and the proceeds of the North Carolina suit. The fund in Butts county was the exclusive subject-matter of the original bill, and was essential to give jurisdiction. The subject-matter of the North Carolina suit was first introduced by the amendment of February 14, 1922. The Supreme Court has held that jurisdiction of a subject-matter, of which the federal courts would have no jurisdiction in an independent suit, cannot be acquired by introducing the subject-matter by amendment in a pending suit, of which the District Court had jurisdiction, as a separate cause of action. The allowance of the amendment, so far as it related to the North Carolina suit, and the relief granted by the decree upon it were therefore improper. Jurisdiction depended upon an existing fund in the district where the bill was filed, and could not be extended to cover a subject-matter beyond the limits of that district.

The decree upon the direct appeal should be modified, by omitting the provisions relating to the North Carolina suit.

[4] The Trust Company is appellant in a cross-appeal. It complains of not having been allowed to recover the full amount from the Credit Company, which it paid the Culvert Company, including the part not traced into the possession of the Credit Company. Its contention is that the Culvert Company was the agent of the Credit Company authorized for it to receive and sell the duplicate warrants and collect and transmit the proceeds, and hence that its possession was the possession of the Credit Company, and its knowledge the knowledge of the Credit Company. Section 5 of the contract between the Credit Company and the Culvert Company relates to the authority of the Culvert Company and its officers as agents to collect the accounts bought by the Credit Company. That section confers on the Culvert Company "the right and privilege to make collections at the expense and at the office of the first party of all accounts purchased hereunder by the second party, and to that extent only shall said named parties act as agents of the second party." It further provides for the transmission by the Culvert Company to the Credit Company "of all original checks, drafts, notes, and other evidences of payment received in payment of or on account of any accounts purchased" by the Credit Company. It would seem that the Culvert Company's authority to collect an account ended when it received, as in this case it did (when it received the original warrants), evidences of the account and sent them to its principal. Certainly this is true while and so long as the principal retained in its possession the warrants. Apart from this, the authority to collect and remit payments would confer no authority to apply for and obtain duplicate warrants and sell them as originals. We think the District Court correctly found that the Credit Company was not responsible for the acts of the Culvert Company in securing and selling the duplicate warrants, further than the money of the Trust Company was traced into its possession.

The decree of the District Court on the direct appeal is modified, as herein provided, and, as modified, is affirmed. The decree of the District Court on the cross-appeal is affirmed.

Modified and affirmed.