BAYNE ET AL., TRUSTEES, v. UNITED STATES.

A party who obtains from a disbursing officer public moneys without right thereto, and with full knowledge that they are such, becomes indebted to the United States, within the meaning of the fifth section of the act of Congress of March 3, 1797 (1 Stat. 515), and, in the event of his insolvency, the United States is entitled to priority of payment out of his assets.

APPEAL from the Circuit Court of the United States for the District of Maryland.

Argued by *Mr. S. Teakle Wallis* and *Mr. Thomas W. Hall, Jr.,* for the appellants, and by *Mr. R. T. Merrick* for the appellee.

MR. JUSTICE DAVIS delivered the opinion of the court.

This suit was brought by the United States against the trustees of Bayne & Co. The court below passed a decree declaring the United States to be a preferred creditor of that firm in the sum of $100,000, and directing the trustees to pay it out of the trust fund in their hands, as far as it would suffice therefor, to the exclusion of the claims of any other creditor. The trustees appealed to this court.

The proofs, although conflicting in some particulars, establish the material facts which entitle the complainant to relief. The United States, March 31, 1866, gave a draft in favor of Brevet Lieut.-Colonel Edward E. Paulding, a paymaster in the army, for $200,000, on the First National Bank of Washington, D. C., a depositary of public money, duly designated as such by the Secretary of the Treasury. He deposited it to his credit, as such officer, in that bank, the thirteenth day of the following April. He had no individual account there. On the 21st of the latter month he drew two checks on that bank, each for $100,000, indorsed them in blank, and sent them to the cashier of the Merchants' National Bank of Washington, who presented them to the former bank, with the information that Lawrence P. Bayne, a member of the firm of Bayne & Co., desired that $100,000 should be deposited to its credit in New York. This was done, and the amount realized by Bayne & Co., who, it is not pretended, were creditors of the United States. One half of the remaining $100,000 was paid in currency to the Merchants' Bank. A draft in its favor on New York for the residue was afterwards transferred by it to Bayne & Co.

The decree confines the rights of the United States as a preferred creditor of Bayne & Co. to the $100,000 deposited to the credit of the firm in New York, and no question as to the remainder is now before us.

On the 2d or 3d of the next month (May) Bayne & Co. suspended payment, and on the 5th made an assignment in favor of their creditors, making certain preferences, which have no bearing on the present controversy. The Merchants' Bank was largely the creditor of Bayne & Co., and met with a disastrous failure, occasioned in a great degree by the insolvency of that firm.

Government funds in a bank, which is a public depositary, can only be lawfully withdrawn therefrom by a disbursing officer, to meet the legitimate requirements of the public service. The money in question was applicable to a specific purpose, and diverting it, as was done in this case, to other uses was a criminal misappropriation of it. Even its transfer to another depositary, although no private interest was to be thereby subserved, was forbidden by an explicit and peremptory general order of the paymaster-general. We are fully satisfied by the proofs that the transactions between Paulding, the Merchants' Bank, and the First National Bank, were the result of a fraudulent purpose to secure the use of the public money to Bayne & Co., who received it with full knowledge that it belonged to the United States, and had been applied in manifest violation of the act of Congress. The law imposes on that firm an obligation, and implies a promise on its part, to refund the money to its owner. Such a promise can be enforced by action. Assumpsit will lie whenever the defendant has received money which is the property of the plaintiff, and which the defendant is obliged by natural justice and equity to refund. *Moses* v. *Macferlan*, 2 Burr. 1012. Bayne & Co. are indebted to the United States, within the meaning of the fifth section of the act of Congress of March 3, 1797, 1 Stat. 515. The form of their indebtedness, or the mode in which it was incurred, is immaterial. *Lewis, Trustee,* v. *United States*, 92 U. S. 618. The government being entitled to a preference and priority of payment from the assets of its insolvent debtors, the relief in this case was, in our opinion, properly granted.    *Decree affirmed.*