UNITED STATES *v.* DEWEY *et al.*

*(Circuit Court, S. D. New York.   July 15, 1889.)*

ABATEMENT AND REVIVAL.
   A cause of action against an assignee in bankruptcy for wrongfully paying the assets in his hands to other creditors of the bankrupt than plaintiff does not abate on the assignee's death.

At Law.   On demurrer to complaint.
*Stephen A. Walker,* U. S. Atty.
*Wing, Shoudy & Putnam, (Joseph H. Choate,* of counsel,) for defendants.

WALLACE, J.   The complaint alleges that the defendants' testator, Barnes, was the assignee in bankruptcy of Vetterlein and another, who were on the 7th of February, 1871, duly adjudicated bankrupts; that the bankrupts were jointly and severally indebted to the plaintiff in the sum of $99,000; that their estate was insufficient to pay all their debts; that said Barnes had notice of the demand of the plaintiff at a time when he had in his hands of the estate of the bankrupts the sum of $32,000; that thereafter he paid that sum to the creditors of the bankrupts other than the plaintiff; and that the remaining assets of the bankrupts are insufficient to pay the debt of the plaintiff by more than $32,000.   The complaint then alleges the death of Barnes, and the appointment and qualification of the defendants as his executor.   The demurrer to the complaint presents the single question whether the cause of action against the deceased assignee of the bankrupts survives against his executors. The action is in *assumpsit* for money had and received, and is founded upon a breach of duty of the assignee, and therefore does not abate.   At common law, even when the cause of action originates in tort, and trover or case would lie, but the facts permit an action of *assumpsit*, if the plaintiff elects to bring *assumpsit*, the action does not abate.   *Hambly* v. *Trott*, 1 Cowp. 373; *Wheatley* v. *Lane*, 1 Saund. 217, note; *Sollers* v. *Lawrence*, Willes, 421.   The property of the bankrupts that came to the hands of the assignee was by force of the statute (section 3466, Rev. St. U. S.) a trust fund in his hands for the payment of the debt of the plaintiff, and he was bound, as a trustee for the plaintiff, to pay its debt first out of the proceeds of the property.   The cause of action is not in the nature of a penalty, but is one which may be enforced as a trust in equity or at law, by an action for money had and received.   *Beaston* v. *Bank*, 12 Pet. 102; *Lewis* v. *U. S.*, 92 U. S. 618; *Bayne* v. *U. S.*, 93 U. S. 642; *Field* v. *U. S.*, 9 Pet. 182.   The demurrer is overruled, with leave to the defendants to answer within 20 days upon payment of costs.