WARREN ACKERMAN, Appellant, v. THE COBB LIME COMPANY, Respondent.

One B. was employed by the parties as their common agent in selling their respective manufactures. B., at times misapplied notes received by him for the property of the respective parties by transferring notes belonging to one to the other. In July, 1884, B. settled and balanced both accounts; thereafter he continued the business in the same manner, until in November, 1884, when he failed and absconded. The parties previous to this were ignorant of the misapplications. In an action for money had and received, it was admitted by plaintiff that the proof failed to show which party had received during the whole course of the joint agency the larger amount of notes belonging to the other, but it appeared defendant had received the most after the settlement. Plaintiff was nonsuited. *Held*, error; that plaintiff made out a *prima facie* case, entitling him to recover the excess; that it was immaterial to either party what disposition was made of his notes prior to the settlement, as he was paid in full up to that date, and, therefore, that the admission was not an answer to plaintiff's case.

*Ackerman* v. *Cobb Lime Co.* (51 Hun, 310), reversed.

(Argued December 14, 1890; decided January 20, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made January 28, 1889, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

This was an action for money had and received.

One John R. Brown acted as the common agent of the plaintiff and the defendant at the city of New York, selling

cement on commission for the plaintiff, and lime on commission for the defendant. In November, 1884, he made a general assignment for the benefit of his creditors, and he subsequently absconded, whereupon it was discovered by the plaintiff that a number of promissory notes, representing upwards of $4,000, which had been received by Brown in payment for the plaintiff's cement, had been by him turned over to defendant on account of the sales of lime which he had effected in behalf of that company. The plaintiff brought the present suit to recover the aggregate amount which the defendant had realized upon such notes. Upon the trial, the parties entered into a stipulation which permitted either party to read entries from the account of the other contained in the books of Brown. It appeared that defendant had received from Brown a considerable amount in the form of notes given to him in payment for plaintiff's cement, also that the plaintiff had received from Brown a considerable amount in the form of notes given to him in payment for the defendant's lime. At the close of the case it was admitted by the counsel for the plaintiff that the proof did not disclose whether during the course of Brown's common agency, the plaintiff or the defendant had received the larger amount of notes given for the lime or cement of the other party. It appeared, however, that in July, 1884, the accounts of Brown with the respective parties were settled and balanced, that afterwards he continued to deal with the notes as before, and transferred to the defendant a larger amount of notes belonging to plaintiff, than of notes belonging to defendant which were transferred to plaintiff.

*Rowland M. Hall* for appellant. This action is maintainable. (*Baker* v. *N. Y. N. E. Bank*, 100 N. Y. 31, 33; *Hathaway* v. *Town of Cincinatus*, 62 id. 434; *Bridges* v. *Bd. of Suprs.*, 92 id. 570; *Strough* v. *Bd. of Suprs.*, 119 id. 212; *Franklyn* v. *Sprague*, 10 Hun, 589; *Merrill* v. *Thomas*, 7 Daly, 393; *Wilson* v. *Nason*, 4 Bosw. 155; *Beach* v. *Forsyth*, 14 Barb. 499; *Wright* v. *Cabot*, 15 J. & S. 229; 89 N. Y. 570; *Glynn* v. *Baker*, 13 East, 509.) The doctrine of restora-

tion upon rescission of contracts has no application to the present case. (*Pearse* v. *Pettis*, 47 Barb. 276 ; *Kenney* v. *Kiernan*, 49 N. Y. 164, 172 ; *Town of Springport* v. *T. S. Bank*, 84 id. 403 ; *Farwell* v. *Imp. & Tr. Nat. Bank*, 90 id. 483 ; *Harris* v. *E. L. Ins. Assn.*, 3 Hun, 724, 732 ; *Stone* v. *Frost*, 6 Lans. 440 ; *Hathorne* v. *Hodges*, 28 N. Y. 486.)

*Wheeler H. Peckham* for respondent. The complaint does not state a cause of action. (*Baker* v. *Bank*, 100 N. Y. 31.)

*Per Curiam.* It appears, by the books of Brown which by consent were admitted in evidence, in connection with the accounts, that the defendant had been paid substantially for all the lime sold by Brown for them up to July 31, 1884, and the plaintiff in like manner for all the cement sold by him up to July 8, 1884. It was, therefore, a matter of no moment to either party whether Brown had, as respects transactions prior to these dates, respectively, misapplied the notes taken for the property of the respective parties by turning notes belonging to one over to the other. If, therefore, it had appeared, for instance, that the plaintiff had not received as many of the notes given for the defendant's lime as the defendant had of notes given for the plaintiff's cement, no cause of action would have been shown in plaintiff's favor, because as the plaintiff had through Brown received full payment for his cement, he had nothing of which he could complain, although Brown had wrongfully used notes taken for cement, in turning them over to the defendant. The same would be true as to the defendant under similar circumstances.

Therefore, the admission made on the trial that it did not appear from the evidence which of the parties received from Brown, during the course of his joint agency (which ran through five or six years prior to July, 1884), the larger amount of the notes of the other party, was not an answer to the case made by the plaintiff.

It appeared that subsequent to the balancing of the accounts of the respective parties in July, 1884, Brown dealt with the notes taken on subsequent sales the same as before, and the

dealing continued up to his failure in November, 1884 and that during that time he transferred to the defendant more in amount of the plaintiff's notes taken for cement, to apply on defendant's lime account, than he transferred to the plaintiff, of the notes taken for defendant's lime, to apply on the plaintiff's cement account. Both parties were entirely innocent, each supposing that the notes received represented sales of lime or cement furnished by the party receiving the note. *Prima facie*, therefore, as it seems to us, the plaintiff made out a case for recovering as to such excess of the notes taken after July, 1884, for plaintiff's cement, as was in defendant's hands over and above the amount of notes taken for defendant's lime, after the same period, received by plaintiff. As the evidence stood, the burden was cast on the defendant to disprove the inference of indebtedness to the plaintiff arising from the circumstances.

We do not see that the action was by the stipulation turned into an action in equity for an accounting, but even in that view, *prima facie*, there was a balance due to the plaintiff.

We think the judgment should be reversed and a new trial granted.

All concur, except Peckham, Gray and O'Brien, JJ., not voting.

Judgment reversed.