## MADDEN v. WATTS.

1. ATTORNEY AND CLIENT—DEMAND—PLEADINGS—DEMURRER.—Failure to allege demand on attorney for payment of money collected by him for his client, is good ground for demurrer to complaint in action for same.

2. PRIVITY—PLEADINGS—DEMURRER—MONEY HAD AND RECEIVED.—Complaint for money had and received by defendant for plaintiff need not allege privity between the parties.

6—59

3. AMENDMENT OF COMPLAINT—APPEAL.—Refusal of motion to amend complaint by alleging demand, held error and reversed because Judge put it on legal ground held not tenable.

Before BUCHANAN, J., Laurens, February, 1900.   Modified.

Action by Dora Madden against R. C. Watts, H. J. Haynesworth, and F. P. McGowan.   From order sustaining demurrer of defendants, plaintiff appeals.

*Mr. W. R. Richey,* for appellant, cites: *As to demand:* 3 Barb., 584; 24 Barb., 300; 1 N. & M., 214; 2 Mc., 246; 2 Bail., 51; 1 Hill, 62.   *Refusal of motion to amend is error:* Code, Sec. 194; 26 S. C., 415; 16 S. C., 231; 20 S. C., 460; 30 S. C., 564; 41 S. C., 337; 54 S. C., 109.

*Messrs. Ferguson & Featherstone,* contra, cite: *Demand necessary:* 1 McM., 182; 1 Hill Ch., 67; 41 S. C., 194; 8 S. C., 102; 6 Post. (Ala.), 35; 1 Eng. (Ark.), 382; 9 Mo., 697. *Other defendants are only agents of Watts and only accountable to him:* 1 Otto, 308; 1 McM., 454; 11 How., 224.

November 27.   The opinion of the Court was delivered by Judge Ernest Gary acting as Associate Justice, Chief Justice McIver being disqualified.

JUDGE ERNEST GARY, A. A. J.   This action was commenced on the 14th of August, 1897.   As the questions raised by the exceptions arise under a demurrer, it will be necessary to set forth the complaint, which is as follows:

"The plaintiff named above, complaining of the defendants above named, respectfully shows unto the Court:

"I.  That on or about the 21st of January, 1891, the said plaintiff employed the defendant, R. C. Watts, then an attorney at law, practicing his profession at Laurens C. H., S. C., to bring suit for her against the Port Royal and Western Carolina Railway Company, to recover $10,000 damages for injuries she sustained, some time previous thereto, by reason

of the negligence of said railway company, while she was a passenger on one of its trains, and that R. C. Watts contracted and agreed with the plaintiff to bring said suit, and to collect from the railway company such damages as might be given to her by a jury; and as compensation for his services, the said R. C. Watts was to have and receive one-fourth of whatever amount of money was received and collected in said suit.

"II. That on or about the 21st of January, 1891, the said suit was commenced by the service of a summons and complaint upon said railway company, and soon thereafter, without the knowledge of this plaintiff, the said R. C. Watts associated with him in said case Messrs. Westmoreland & Haynesworth, a law firm composed of George Westmoreland and H. J. Haynesworth, and F. P. McGowan, Esq.; and when this plaintiff was informed by the said R. C. Watts that he had associated with him the said Westmoreland & Haynesworth and F. P. McGowan in said suit, he, the said R. C. Watts, told this plaintiff that the services of said associate counsel should not cost her anything, as he, the said R. C. Watts, would compensate and pay said associate counsel out of the said one-fourth part, which he was to receive.

"III. That pending the litigation of said suit, the law firm of Westmoreland & Haynesworth was dissolved, and George Westmoreland moved to Atlanta, in the State of Georgia, and the said suit was carried on by R. C. Watts, H. J. Haynesworth and F. P. McGowan.

"IV. That this plaintiff recovered judgment in said suit on March 9th, 1893, against the said railway company for the sum of $5,000 and costs.

"V. That on July 8th, 1896, the said defendants, R. C. Watts, H. J. Haynesworth, and F. P. McGowan, collected and received from John B. Cleveland, as receiver of said railway company, the sum of $6,297.20, in full settlement of said judgment, including interest and costs; that of said sum, $6,164.60 were the amount of the judgment and interest; the remainder, $132.60, was costs.

"VI. That out of the $6,164.60, collected and received as aforesaid by said defendants, this plaintiff was entitled to receive and to be paid three-fourths thereof, to wit: the sum of $4,623.45; but that said defendants have only paid to her the sum of $3,937.45, which amount was paid on July 16th, 1896.

"VII. That said defendants are now justly due and owing to this plaintiff, out of said money collected and received as aforesaid, the sum of $686, with interest thereon from July 8th, 1896."

The presiding Judge signed the following order: "Upon the call of this case, and after the jury was organized and the complaint read, the defendants interposed an oral demurrer to the complaint upon the ground that the complaint failed to state a cause of action, in that there was no allegation that demand had been made before the suit was brought. The defendants, McGowan and Haynesworth, interposed in addition an oral demurrer upon the ground that the complaint did not state a cause of action against them, in that there was no allegation showing any privity between the plaintiff and said defendants. The grounds of both demurrers were reduced to writing, as required by the rule. After argument, it is ordered, that said demurrers be, and the same are hereby, sustained, and that the complaint be dismissed, with costs.

"The plaintiff asked leave to amend after the announcement of this conclusion. Ordered, that said motion be, and the same is hereby, refused."

It will not be necessary to consider the exceptions *seriatim*. The first question that will be considered is whether there was error on the part of his Honor, the Circuit Judge, in sustaining the demurrer to the complaint on the ground that there was no allegation that demand had been made before suit was brought. In 3 Enc. of Pl. and Pr., 108, it is said: "Where an attorney has collected money for his client, he is not liable to a suit therefor until demand has been made or directions have been given to remit

it. An allegation of demand must be made in the declaration." The rule is, however, more correctly stated in 3 Enc. of Law, 396, as follows: "In order for a client to maintain any proceeding against his attorney to compel the payment of money collected by the latter and not paid over, the client must allege and prove a demand by him, and a refusal by the attorney, or special circumstances excusing a demand." In Weeks on Attorneys, section 263, we find the following: "It is the duty of an attorney who collects money to immediately give his client notice thereof, and await instructions. Unless such circumstances exist as amount to a waiver of demand, no action will lie against an attorney for money collected until a demand is made, or without the existence of such facts as amount to a waiver of the demand. * * *" See also sections 94, 102, 264, 307, 308, and 309. There are no allegations in the complaint tending to show a waiver on the part of the defendants to insist upon the right of a demand upon them. The other pleadings are not set out in the record; but even if they had been, resort could not be had to them, as the complaint alone can be considered in determining its sufficiency on the grounds hereinbefore mentioned. *Hull* v. *Young,* 29 S. C., 64. Again, it must be remembered, the complaint does not allege that the defendants *wrongfully* collected the amount due on the judgment, but simply that they have not paid to the plaintiff the entire amount which she claims. If the defendants have come into possession of any other personal property of the plaintiff without an act of *wrong* on their part, they would have been entitled to a demand before action brought, *Ladson* v. *Mostowitz,* 45 S. C., 388; and we see no reason why the same principle should not govern in this case. The exception raising this question is overruled.

The next question that will be considered is whether the Circuit Judge erred in ruling that the complaint did not state facts sufficient to constitute a cause of action as to the defendants, Haynesworth and McGowan, in that there was no allegation showing any privity between

the plaintiff and said defendants. The complaint does not allege that the amount due under the judgment was collected by the defendant, Watts, and that he paid to the other defendants a portion of the sum so collected, but it alleges that the money paid in satisfaction of the judgment was collected by all three of the defendants. In the case of *Soderberg* v. *King County,* 33 L. R. A. (Wash.), 670, the Court says: "But it is insisted that there is no privity between the plaintiff * * * and the respondent respecting the transaction. It is well settled that 'an action for money had and received lies against any one who has money in his hands, which he is not entitled to hold as against the plaintiff, and want of privity between the parties is no obstacle to the action;' " citing *Bank of the Metropolis* v. *First Nat. Bank,* 19 Fed. Rep., 301. Proceeding, the Court quotes with approval the following language from *Bayne* v. *United States,* 93 U. S., 642, 23 L. ed., 997, to wit: "Assumpsit will lie whenever the defendant has received money which is the property of the plaintiff, and which the defendant is obliged by natural justice and equity to refund." The Court also quotes with approval from *State* v. *St. Johnsbury,* 59 Vt., 332, the following language: "But it is said that assumpsit for money had and received will not lie, for that there is no privity between the State and the village, as the latter received from third persons, and has retained the money in good faith under an adverse claim of right and ownership. But in order to maintain this action there need be no privity between the parties, nor any promise to pay other than what arises and is implied from the fact that the defendant has money in his hands belonging to the plaintiff that he has no right conscientiously to retain. In such case the equitable principle on which the action is founded implies the promise. When the fact is found that the defendant has the plaintiff's money, if he can show neither legal nor equitable ground for keeping it, the law creates the privity and the promise." This principle is sustained by *Atty. Gen.* v. *Perry,* 2 Comyns Rep., 481, decided by the Court of Kings

Bench in 1725, and by numerous other cases cited in *Soderburg* v. *King County,* hereinbefore mentioned. As the ruling of the presiding Judge is not in accord with the doctrine just stated, which is approved by this Court, the exception raising this question is sustained.

The last question for consideration is whether there was error in refusing the motion to amend. In refusing the motion, the Circuit Judge stated to appellant's attorneys that he could not grant such permission because he was not left in a position to do so; that they allege the contract was made by the principal, and they sue the agents and allege that the money was received by the agents. The refusal to allow the amendment was based upon a legal ground, as in the case of *Sibley* v. *Young,* 26 S. C., 415. This Court has shown that the ground upon which the motion was refused was untenable. The exception presenting this question is likewise sustained.

It is the judgment of this Court, that the order of the Circuit Court be modified in the particulars hereinbefore mentioned.