H. H. PARKER, Administrator, Appellant, v. ADA
HARRISON, Administratrix, Respondent.

Springfield Court of Appeals, July 7, 1910.

DEBTOR AND CREDITOR: Burden of Proof: Payment: Debt:.
Money Had and Received. In the trial of a case either for money had and received, or for debt, if the plaintiff can show that the defendant received the money for the plaintiff, or that defendant was indebted to the plaintiff, this makes a prima-facie case for the plaintiff and casts the burden of proof upon the defendant of showing that the money or the debt, as the case may be, had been paid to the plaintiff.

Appeal from Phelps Circuit Court.—*Hon. L. B. Woodside,* Judge.

REVERSED AND REMANDED.

*Jones Bros., A. P. Murphy* and *C. H. Shubert* for appellant; *Mann, Johnson & Todd* of counsel.

(1) The court erred in placing upon the demandant, appellant, the burden of proving that the money that J. B. Harrison received, belonging to Mrs. Sally, to pay to L. F. Parker, had not been so paid by Harrison to Parker. Carder v. Primm, 52 Mo. App. 102; Best v. Best, 74 S. W. 738; State ex rel. v. Weaver, 92 Mo. 679. (2) The facts in this case do not justify any departure from the usual rule that one relying upon the defense of payment must give evidence of the fact of payment. Mfg. Co. v. Henry, 44 Mo. App. 263; Diel v. Stegner, 56 Mo. App. 539; State to use v. Richardson, 29 Mo. App. 601; Dunton v. Dawley, 98 N. W. 307.

*C. C. Bland, Watson & Holmes* for respondent.

(1) The court should have sustained defendant's demurrer to the evidence at the close of the case. Sissel v. Railroad, 214 Mo. 515; Davis v. Thompson, 209 Mo. 192; Milliken v. Construction Co., 202 Mo. 637;

Byerly v. L. P. & I. Co., 130 Mo. App. 393. (2) The action between Mrs. Sally and Harrison in which Harrison, by the consent of Mrs. Sally, retained thirteen hundred and fifty dollars ($1350) of her money, then in his hands to pay Mr. Parker assuming that Mrs. Sally owed Mr. Parker, and that Harrison was indebted to her for that amount or more, was not a novation for the reason Parker did not give his assent to it. Brown v. Cray, 74 Mo. App. 462; Nicholson v. Mercantile Co., 90 Mo. App. 336; Snyder v. Kirley, 35 Mo. 423; Lee v. Porter, 18 Mo. App. 377; McCartney v. Kill, 33 Atl. 335, 171 Pa. St. 644.

COX, J.—This case originated in the probate court of Phelps county upon an account filed by plaintiff against defendant for one-half of attorneys' fees and expenses paid by deceased Parker. Said attorneys' fees and expenses alleged to have been received by deceased James B. Harrison in his lifetime and one-half of which was due deceased Parker. On trial in probate court the account was disallowed, plaintiff appealed to the circuit court where the case was tried before a jury and a verdict returned in favor of defendant, and plaintiff has appealed to this court.

It is admitted that L. F. Parker is deceased and that H. H. Parker is his administrator and that J. B. Harrison is deceased and that Ada Harrison is his administratrix. The evidence on the part of plaintiff tends to show that in the lifetime of L. F. Parker and J. B. Harrison they were engaged as counsel for Sarah H. Sally who was interpleader in a great number of attachment suits against her husband, J. B. Sally; that the litigation of these cases continued for a number of years and finally resulted in a judgment in favor of the interpleader, Sarah H. Sally, and the collection of a large sum of money by deceased Harrison, and it further tends to show that Mrs. Sally had specifically directed Harrison to pay deceased L. F. Parker $1350

out of money then in his hands. There was no evidence by either plaintiff or defendant tending to show whether or not this money had been paid to Parker. At the close of the testimony the court gave instructions to the jury which placed the burden of proof upon the plaintiff to show that the deceased Harrison had not paid to Parker the money which he had received and had been directed by Mrs. Sally to pay to Parker. There is but one question to decide in this case, and that is, where the burden of proof rested. There seemed to be no contention that the money received by Harrison came from the litigation in which Harrison and Parker were attorneys for Mrs. Sally, and that Mrs. Sally directed Harrison to pay Parker $1350 of this money, and there is no question but that this was for attorneys' fees and money advanced by Parker during the progress of the litigation.

There can be no question but that in the trial of a case either for money had and received or for debt, and the plaintiff can show that the defendant received the money for the plaintiff or that defendant was indebted to the plaintiff this makes a prima-facie case for the plaintiff and casts the burden of proof upon the defendant of showing that the money or the debt as the case may be had been paid to plaintiff. [State ex rel. Weaver v. Weaver, 92 Mo. 673, 4 S. W. 697; State to the use v. Richardson, 29 Mo. App. 595; Carder v. Primm, 52 Mo. App. 102,]

Under this rule when it was shown in this case that deceased Harrison had in his hands $1350 which he was directed to pay to Parker, the plaintiff in this case made a prima-facie case and the burden of proof was not upon the plaintiff to show that the money had not been paid; but if defendant wished to defend upon the ground that it had been paid the burden was upon him to prove the payment as in any other case where payment is relied upon as a defense. The judgment will be reversed and the cause remanded. All concur.