## PEOPLE'S NAT. BANK et al. v. PAYNE.

Circuit Court of Appeals, Eighth Circuit.
May 1, 1928.

No. 7842.

**1. Banks and banking ⬅️80(1)—Claim against insolvent bank for money collected on check deposited by agent for collection and credit held allowable as general claim.**

Claim of principal against insolvent bank for money received from collection check deposited by agent for collection and credit *held* allowable as a general claim for money had and received.

**2. Banks and banking ⬅️80(2)—Insolvent bank, after proof of its possession of money collected on check deposited for collection and credit, had burden of showing disposal.**

Where principal had proved that money received on check deposited by agent for collection and credit had come into possession of insolvent bank, burden rested on bank to show how it had disposed of it.

**3. Banks and banking ⬅️80(1)—Proof of agent's indebtedness to insolvent bank held no defense to principal's claim for proceeds of check deposited by agent.**

Proof that agent was indebted to an insolvent bank in an amount greater than amount of check belonging to principal and deposited for collection and credit is not of itself a sufficient defense to principal's claim against bank for money had and received.

**4. Banks and banking ⬅️80(3)—Interest on claim against insolvent bank held erroneously allowed from date of deposit to date of decree.**

Interest on claim allowed as general claim against insolvent bank *held* improperly allowed from date of deposit to the date of decree instead of to date of closing of bank.

Appeal from the District Court of the United States for the District of South Dakota; James D. Elliott, Judge.

Suit by E. Louise E. Payne against the People's National Bank and its receiver. Decree for plaintiff, and defendants appeal. Modified, and, as modified, affirmed.

E. B. Adams, of Hot Springs, S. D., for appellants.

E. W. Martin, of Hot Springs, S. D. (Martin & Martin, of Hot Springs, S. D., on the brief), for appellee.

Before WALTER H. SANBORN, and BOOTH, Circuit Judges, and MUNGER, District Judge.

MUNGER, District Judge. This is an appeal from the allowance of a general claim against a national bank and its receiver. The plaintiff below was the owner of a note and a mortgage securing its payment. She sent it to her agent for collection. The debtor, in payment of it and in payment of an amount owing to another creditor, gave a check to the plaintiff's agent, which was drawn upon another bank. The agent deposited this check with the defendant below for collection and credit. It was collected and credited, but the defendant below failed four days after the deposit of the check. The amount standing to the credit of the agent at the time of the bank's failure was slightly more than the amount of the deposit. [1, 2] The plaintiff's bill and the proof authorized the allowance of her claim as a general claim, for money of the plaintiff, had and received by the defendant bank. Wilson & Co. v. Smith, 3 How. 763, 770 (11 Ed. 820); Bayne et al., Trustees, v. United States, 93 U. S. 642, 23 L. Ed. 997; United States v. State Bank, 96 U. S. 30, 35 (24 L. Ed. 647); Bradley Lumber Co. v. Bradley County Bank (C. C. A.) 206 F. 41, 45. After the plaintiff had proved that her money had come into the possession of the defendant, the burden rested upon the defendant to show how it had disposed of it. Parker v. Harrison, 146 Mo. App. 329, 129 S. W. 1026; People's State Bank v. Kelly, 78 Ind. App. 418, 136 N. E. 30; Ackerman v. Cobb Lime Co., 125 N. Y. 361, 26 N. E. 455. [3] The receiver testified that, after the closing of the bank, the amount of the deposit standing to the credit of the agent was offset against the loans of the agent. On motion of the plaintiff, this testimony was stricken because it was incompetent and not addressed to any issue made by the pleadings. The correctness of this ruling presents the only real question in the case. There was no proof of any facts tending to show an indebtedness of the agent, due or to become due, to any one. The receiver testified to a mere conclusion. If the testimony could be considered as proof that the agent was indebted to the bank when it closed, to an amount greater than the amount of the deposit, that fact alone would not be a sufficient defense to the plaintiff's claim as it was pleaded and proved.

The principles which control the decision in a case of this kind are illustrated and applied in Wilson & Co. v. Smith, 3 How. 763, 11 L. Ed. 820. In that case the plaintiffs had sent a draft to their agent for collection, and this agent sent the draft for collection to its sub-agent. The sub-agent collected the draft and credited the amount to an indebtedness of the agent, in ignorance of the true ownership of the draft. The plaintiffs were held to be entitled to recover from the subagent. The court said:

"Upon this part of the case, as well as

upon the question certified, we think the case of the Bank of Metropolis v. the New England Bank [1 How. 234, 11 L. Ed. 115] decisive against the defendant. It appears from the statement that he made no advances, and gave no new credit to St. John on account of this bill. He merely passed it to his credit in account. Now if St. John had owed him nothing, upon the principles we have already stated, the plaintiff would be entitled to recover the money; and we see no reason why he should be barred of his action because St. John was debtor to the defendant, since the case shows that he incurred no new responsibility upon the faith of this bill, and his transactions with St. John remained in all respects the same as they would have been if this bill had never been transmitted to him. In the case of the Bank of the Metropolis and the New England Bank, it appeared in evidence that there had for a long time been mutual dealings between these two banks, in the collection of money for each other, and that balances were suffered to remain and credit given upon the faith of the paper transmitted or expected to be received, according to the usual course of their business with one another. And the court held, that if credit had been so given, the party giving it had the same right to retain as if he had made an advance of money; the hazard he ran by the extension of the credit giving him as just and equitable a right to retain, as if he had incurred responsibility by an advance of money. The right to retain, in the case, depended upon the fact that credit was given. But in the case at bar this fact is expressly negatived, and there is no ground, therefore, upon which he can retain, according to the principles decided in the case referred to."

In the case of Bank of the Metropolis v. New England Bank, 1 How. 234, 11 L. Ed. 115, again decided in 6 How. 212, 12 L. Ed. 409, the rule was stated that a bank receiving paper for collection from another bank without notice that the paper was not owned by the transmitting bank, was not entitled to hold the proceeds of the paper collected, as against the real owner, unless credit was given to the transmitting bank or balances were allowed to remain in its hands, to be met by negotiable paper transmitted or expected to be transmitted, in the usual course of business between the banks. See, also, United States v. State Bank, 96 U. S. 30, 35 (24 L. Ed. 647); Beaver Boards Cos. v. Imbrie & Co. (D. C.) 287 F. 158; George D. Harter Bank v. Inglis (C. C. A.) 6 F. (2d) 841; Shotwell v. Sioux Falls Savings

26 F.(2d)—14

Bank, 34 So. Dak. 109, 147 N. W. 288, L. R. A. 1915A, 715.

[4] There was no proof that the defendant bank had given any credit, made any advances, or in any other way had made any change in its position, because of the deposit in the agent's name of the plaintiff's money. Interest was allowed to the plaintiff on the amount of her claim from the date of the deposit to the date of the decree. This was erroneous. White v. Knox, 111 U. S. 784, 787, 4 S. Ct. 686, 28 L. Ed. 603; Butler v. Western German Bank (C. C. A.) 159 F. 116, 117; Richardson v. Louisville Banking Co. (C. C. A.) 94 F. 442, 449; Hallett v. Fish (C. C.) 123 F. 201, 202. The decree will be modified so as to allow to the plaintiff the amount of her claim with interest to the date of the closing of the bank, and, as so modified, will be affirmed.