**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 14-1621

———————

DAN E. PATTERSON,

Appellant

v.

THE UNITED STATES VIRGIN ISLANDS; THE VIRGIN ISLANDS BUREAU OF
INTERNAL REVENUE

———————

On Appeal from the District Court
for the Virgin Islands
(No. 3-10-cv-00126)
District Judge:  Honorable Curtis V. Gomez

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 8, 2014

Before:  CHAGARES, JORDAN, and SHWARTZ, <u>Circuit Judges</u>.

(Opinion Filed:  January 14, 2015)

———————

OPINION[*]

———————

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

CHAGARES, Circuit Judge.

Dan E. Patterson appeals the District Court's February 12, 2014 judgment in favor of the defendants, the United States Virgin Islands and the Virgin Islands Bureau of Internal Revenue ("VIBIR"), on Patterson's complaint seeking a refund for overpayment of taxes. For the following reasons, we will affirm the decision of the District Court.

I.

We write solely for the parties and therefore recite only the facts that are necessary to our disposition. On April 15, 2005, Patterson filed a Form 4868 with the Internal Revenue Service ("IRS"). Form 4868 extends the deadline for filing a tax return, but it does not extend the deadline for payment of taxes. As such, the taxpayer includes with Form 4868 a payment for estimated taxes. Patterson included with his Form 4868 a check for $813,000. Shortly thereafter, he filed a similar extension form with VIBIR, though he did not submit to it any payment. When Patterson eventually filed his 2004 tax return with VIBIR on October 18, 2005, he included a copy of the $813,000 check he sent to the IRS and claimed a tax overpayment of $179,909. Patterson requested the return of his claimed tax overpayment from VIBIR,[1] but VIBIR did not issue a refund.

In December 2010, Patterson filed a complaint against VIBIR and the Government of the Virgin Islands seeking the return of his alleged overpayment of taxes. Though the District Court initially granted Patterson's motion for judgment on the pleadings, it later

---

[1] Patterson actually requested about $8,500 less than he claimed in overpayments on his tax return. As the District Court noted, the reason for this discrepancy is not clear.

reconsidered and vacated its earlier judgment. Following the order vacating judgment in favor of Patterson, the parties agreed to trial on the papers.

Meanwhile, the IRS conducted an audit of Patterson for tax year 2004, seeking to determine if he was a bona fide resident of the Virgin Islands for that year. VIBIR sought to have the IRS turn over Patterson's estimated tax payment; the IRS declined to do so, informing VIBIR by letter on September 12, 2013, that its determination was that Patterson was not a bona fide resident of the Virgin Islands in 2004 and, therefore, VIBIR had no claim to the money. Patterson, for his part, disputed the introduction of the IRS letter and moved to strike it, which motion the District Court denied.

On February 12, 2014, the District Court filed a memorandum opinion and entered a judgment in favor of VIBIR. It concluded that Patterson's claim failed because VIBIR had effectively shown it did not hold the money to which Patterson claimed he was entitled.

## II.

We register at the outset our disappointment in the Government's counsel for failing to file a brief. The Government requested, and received, two extensions of the deadline to file its brief. After the Government missed its extended filing deadline, Patterson filed a motion to compel the Government to respond or waive its response. We granted the motion on October 20, 2014, and ordered the Government to file its brief by the end of that week or waive filing, effectively granting a third extension. Not only did the Government fail to file a brief, but it also failed to file any acknowledgement that it was waiving its right to file or explain why it had missed the deadlines. Had we called

3

this case for oral argument, the Government would have forfeited its right to be heard. Fed. R. App. P. 31(c). Needless to say, this course of conduct does not comport with the high standard of professionalism we expect from attorneys practicing before us, or any court, for that matter. Cf. Model R. Prof'l Conduct 1.3 (requiring attorneys to act with "reasonable diligence and promptness").

Nonetheless, in contrast to an appellant's failure to raise an argument, which would constitute a waiver of that argument, "the answering party's dereliction . . . could not constitute a waiver because, in the final analysis, it is for the Court to evaluate the issues presented by the appellant." Leslie v. Attorney Gen. of the U.S., 611 F.3d 171, 174 n.2 (3d Cir. 2010). As such, we are obligated to consider the appeal on the merits and "proceed without the benefit of an appellee's brief." Torisky v. Schweiker, 446 F.3d 438, 442 (3d Cir. 2006).

III.

The District Court had jurisdiction pursuant to 48 U.S.C. § 1612(a). We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions and set aside factual findings only if clearly erroneous. Capital Blue Cross v. Comm'r, 431 F.3d 117, 123–24 (3d Cir. 2005). Evidentiary rulings are reviewed for abuse of discretion. Travelers Cas. & Sur. Co. v. Ins. Co. of N. Am., 609 F.3d 143, 157 (3d Cir. 2010).

IV.

Taxes in the Virgin Islands are governed by the "mirror code," which, in essence, applies the United States tax laws to the Virgin Islands. See Cooper v. Comm'r, 718 F.3d

4

216, 219 (3d Cir. 2013). In general, if a resident of the Virgin Islands pays taxes directly to the IRS, the "net collection" of taxes due to the Virgin Islands is "covered over," meaning transferred, into the Virgin Islands' Treasury at least once per year. 26 U.S.C. § 7654(a)–(c).

Patterson argues that the District Court failed to give sufficient effect and deference to the then-existing United States Treasury regulation governing cover over payments to the Virgin Islands.[2] The regulation upon which he relies provides that a resident of the Virgin Islands "may take income tax paid to the United States into account . . . as payments to the Virgin Islands." 26 C.F.R. § 1.932–1T (2005). Thus, he argues, the money he paid to the IRS need not have actually been transferred to VIBIR in order for VIBIR to, legally, "have and receive" his payment. VIBIR is deemed to have his money by operation of law, regardless of whether the actual transfer of funds from the IRS to the Virgin Islands is ever completed. Therefore, he contends, the District Court's conclusion that VIBIR never actually received the money is irrelevant.

This argument reads far too much into the regulation. The regulation simply provides that "[a] taxpayer . . . may take income tax paid to the United States into account . . . as payments to the Virgin Islands." Id. (emphasis added). It says nothing about how the United States Treasury or VIBIR is to treat those payments. The fact that a taxpayer can credit taxes paid to the United States as payments to the Virgin Islands for the purposes of his own accounting of his tax liability does not demonstrate that the money

---

[2] We note in passing that Patterson's brief does not comply with Federal Rule of Appellate Procedure 28(f), which requires the appellant to set forth the regulations relied upon in full in the opening brief.

is, as Patterson would have it, "a payment to the VIBIR by operation of law." Patterson Br. 35. Moreover, though the regulation plainly provides that a Virgin Islands taxpayer can credit payment to the IRS against any taxes owed to the Virgin Islands, it is a fundamentally different question whether overpayments to the IRS can be recovered directly from the Virgin Islands, particularly where, as here, the money was seemingly never paid over to the Virgin Islands. Moreover, even if Patterson were correct that his tax payment for the amount due is deemed transferred to VIBIR by operation of law, he does not address whether any overpayment would also be deemed transferred. Our reading of the relevant provision of the tax law suggests that perhaps it is not, as only the "net collection" of taxes is covered over to the Virgin Islands. 26 U.S.C. § 7654(a).

Thus, Patterson's further argument that the District Court failed to apply the Administrative Procedure Act ("APA") is of no moment. The APA requires courts to defer to agency regulations in certain circumstances. See generally Chevron, U.S.A., Inc. v. Natural Resources Def. Council, Inc., 467 U.S. 837 (1984). Absent, however, from Patterson's extensive discussion of the applicability of Chevron deference is the applicability of the regulation to the facts of the case. As discussed above, the regulation cited by Patterson does not resolve the issue at hand, namely, whether custody of the money he paid to the IRS can be imputed to the Virgin Islands to pay his refund. We conclude that it does not.

Patterson's next argument is that his tax transcript is presumptive proof of his tax liability and that the District Court ignored his transcript as evidence of his overpayment. In support of this argument, he relies on Brounstein v. United States, 979 F.2d 952 (3d

6

Cir. 1992). In Brounstein, however, we did not hold not that a tax transcript is presumptive proof of the extent of tax liability, but rather that "[o]nce the IRS assesses a tax, a rebuttable presumption arises that the assessment is correct." Id. at 954. A tax transcript, reflecting in summary form information contained on a tax return, is not the same as an assessment by the IRS, which reflects the IRS's judgment that some tax is due. In any event, this argument is irrelevant because the District Court never ruled that Patterson was not entitled to a refund; it simply held that he was not entitled to collect a refund from VIBIR.

Patterson also disputes what he characterizes as the District Court's erroneous factual findings. Though many of the findings he takes issue with are not factual findings, but rather legal conclusions, and are discussed elsewhere, one bears mention. He charges the District Court with erroneously concluding that he was not a Virgin Islands resident. This is incorrect. What the District Court took account of was the fact that the IRS's position was that he was not a Virgin Islands resident and, therefore, because of its belief about his residency, the IRS had not paid over the money it received to VIBIR.

Patterson goes on to argue that the District Court erroneously placed the burden of proof on him when it should have shifted to the taxing authority pursuant to 26 U.S.C. § 7491. That section provides: "If, in any court proceeding, a taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the liability of the taxpayer . . . the Secretary shall have the burden of proof with respect to such issue." Id. The burden-shifting language of § 7491, however, applies only to a fact "relevant to

7

ascertaining the liability of the taxpayer for any tax." Id. The issue in this case was not Patterson's "liability . . . for any tax," it was whether VIBIR could be obligated to refund his alleged overpayment. No finding was made or requested as to whether Patterson was actually liable for any particular tax. Thus, § 7491 is inapplicable.

We turn next to Patterson's cumulative error argument. He argues that the District Court's cumulative evidentiary and other errors, mostly related to its consideration of the IRS letter sent to VIBIR denying VIBIR's cover over request, deprived him of his constitutional right to a fair trial. Patterson Br. 51–60. We need not evaluate the numerous alleged errors, however, because "we have rejected the cumulative error doctrine . . . in the context of a civil trial." SEC v. Infinity Grp. Co., 212 F.3d 180, 196 (3d Cir. 2000). Thus, Patterson's cumulative error argument is unavailing.

Patterson also addresses what he characterizes as the District Court's alternative holding, which he claims is the incorrect imposition of a burden on the taxpayer to prove residency in the Virgin Islands. The District Court ultimately concluded that the record was insufficient to make a finding of residency. Patterson objects, however, to the District Court's language that the burden is on the taxpayer to prove residency. Patterson Br. 27–31. The District Court committed no error in its suggestion that burden of proving residency for tax purposes was on the taxpayer. See Vento v. Dir. of V.I. Bureau of Internal Revenue, 715 F.3d 455, 469 (3d Cir. 2013) ("[T]he Taxpayers still have to prove that they were bona fide residents of the Virgin Islands . . . ."). Even had this ruling been in error, the error would be immaterial as the District Court's decision is not dependent on whether or not Patterson proved his residency.

8

In sum, we agree with the District Court's reliance on longstanding Supreme Court precedent requiring the claimant in a refund case to show that the defendant has the money which he claims belongs to him. See Lewis v. Reynolds, 284 U.S. 281, 283 (1932); Psaty v. United States, 442 F.2d 1154, 1159 (3d Cir. 1971) (burden on taxpayer to show that taxing authority "has money belonging to him"). This follows from the refund action's early origin as a cause of action for money had and received. See United States v. California, 507 U.S. 746, 751 (1993) ("Prior to the creation of federal administrative and statutory remedies for the recovery of federal taxes, this Court held that a taxpayer could bring an action for money had and received to recover erroneously or illegally assessed taxes."). And, of course, one of the elements of the cause of action for money had and received is that the defendant actually has the money at issue. Id.; see also Bayne v. United States, 93 U.S. 642, 643 (1876) (action lies where "the defendant has received money which is the property of the plaintiff" (emphasis added)).

In sum, Patterson was unable to show that VIBIR has the money to which he claims he is entitled. If an action for refund is available to him, and we express no view on that question, it is against the IRS, not VIBIR.

IV.

For the foregoing reasons, we will affirm the District Court's order.