IN THE SUPREME COURT
OF THE VIRGIN ISLANDS

**FILED**

January 11, 2024 09:03 AM
SCT-Civ-2020-0103
VERONICA HANDY, ESQUIRE
CLERK OF THE COURT

**For Publication**

# IN THE SUPREME COURT OF THE VIRGIN ISLANDS

PEOPLE OF THE VIRGIN ISLANDS IN )   **S. Ct. Civ. No. 2020-0103**
THE INTEREST OF A.A.P., a Minor   )   **S. Ct. Civ. No. 2020-0108**
)  Re: Super. Ct. JD. No. 30/2019 (STT)
)
)
)
)
)

---

On Appeal from the Superior Court of the Virgin Islands
Division of St. Thomas & St. John
Superior Court Judge: Hon. Debra S. Watlington

Considered: June 8, 2021
Filed: January 11, 2024

Cite as: 2024 VI 3

BEFORE:   **RHYS S. HODGE**, Chief Justice; **MARIA M. CABRET**, Associate Justice; and **IVE ARLINGTON SWAN**, Associate Justice.

APPEARANCES:

**Adam G. Christian, Esq.**
Ogletree Deakins, LLC
St. Thomas, U.S.V.I.
  *Attorney for Appellant*,

**Michael R. Francisco, Esq.**
Assistant Attorney General
St. Thomas, U.S.V.I.
  *Attorney for Appellee*.

## OPINION OF THE COURT

**CABRET, Associate Justice.**

¶ 1     A.A.P., a minor, appeals from a final order of the Family Division of the Superior Court ending his probation, closing his case, and transferring him to the Department of Human Services ("DHS") for continued supervision. The Superior Court denied A.A.P.'s motion for reconsideration of the final order, which is also the subject of this appeal. For the reasons that follow, we reverse the Superior Court's order.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

¶ 2     This case arises from a juvenile criminal complaint filed against A.A.P. in the Superior Court, alleging that he participated in a fight on St. Thomas. (JA 53). The government charged A.A.P. with aiding and abetting one count of third-degree assault, three counts of simple assault, one count of riot, and one count of disturbing the peace. (JA 54). A.A.P. accepted a plea agreement, pleading delinquent to one count of simple assault. (JA 59). In return for his plea, the government dropped all remaining charges, and recommended to the court that A.A.P. complete six months of probation, while abiding by certain conditions and requirements. (JA 59, 76). The court adjudicated A.A.P. delinquent and required him to complete six months of probation. (JA 63, 76-77).

¶ 3     During the pendency of the probationary period, DHS notified the court that A.A.P. had consistently violated several terms of his probation. (JA 19, 22, 45-46, 67, 109, 132 n.9). The Superior Court then held several probation review hearings and conducted what would be the last review hearing on June 30, 2020, where A.A.P.'s deficient performance regarding his probation conditions was noted on the record with all parties present. (JA 11). After the hearing, the Superior Court ordered A.A.P.'s probation to be maintained for the original time period (until August 19, 2020) and again ordered that A.A.P. comply with the original conditions of probation. (JA 92-93). On August 13, 2020, DHS provided the Superior Court with a review summary detailing A.A.P.'s

progress. (JA 94). DHS found A.A.P. to be deficient regarding several conditions of his probation and recommended that his probation be extended. (JA 94-98). On August 17, 2020, one day before the originally scheduled final review hearing, the Superior Court *sua sponte* canceled the hearing, ordered A.A.P.'s transfer to DHS for continued supervision, and prospectively ordered the case to close on August 19, 2020. (JA 109). On August 31, 2020, A.A.P. filed a motion to reconsider the Superior Court's order. (JA 114). The court denied his motion to reconsider on October 9, 2020. (JA 130). A.A.P. filed a timely notice of appeal from the Superior Court's August 17, 2020 final order on September 17, 2020, (JA 2), and also filed a timely notice of appeal from the Superior Court's October 9, 2020 order denying reconsideration, on October 28, 2020. (JA 1).

## II. JURISDICTION AND STANDARD OF REVIEW

¶ 4     We have jurisdiction over all appeals arising from final judgments, final decrees, or final orders of the Superior Court, or as otherwise provided by law. *Ledesma v. Gov't of the V.I.*, 2019 V.I. 31, ¶ 6; V.I. CODE ANN. Tit. 4, V.I.C. § 32(a). The Superior Court's orders transferring A.A.P. to DHS, closing the case, and denying reconsideration ended the litigation on the merits, constituting a final judgment over which we have jurisdiction. *In re L.O.F.*, 62 V.I. 655, 659 (V.I. 2015).

¶ 5     Our Court exercises plenary review over the Superior Court's conclusions of law but applies a clearly erroneous standard of review to its factual findings. *Brooks v. Government of the Virgin Islands 58 V.I. 417, 422* (V.I. 2013). "Generally, we review the Superior Court's decision to grant or deny a motion for reconsideration for abuse of discretion, but when the trial court's decision is based upon the application of a legal precept, our review is plenary." *Powell v. FAM Prot. Servs., Inc.*, 72 V.I. 1029, 1035 (V.I. 2020) (citation omitted).

## III. DISCUSSION

¶ 6    A.A.P. asserts that the Superior Court acted outside the scope of its statutory authority by placing him under the continuing supervision of DHS, and that it also erred by denying his motion for reconsideration of its final order. (Appellant's Br. at 9-10, 15). And, in his reply brief, A.A.P. asserts that the People waived all the arguments in their response brief. (Appellant's Reply Br. at 7-9).

### A. A.A.P.'s Waiver Argument

¶ 7    At the outset, A.A.P. specifically argues that the People failed to assert the arguments in their response brief before the Superior Court and maintains that the People's arguments are therefore waived. (Appellant's Reply Br. at 1). This Court disagrees.

¶ 8    First, we note that A.A.P. raises this argument within his reply brief, and ordinarily "[w]hen an argument is raised for the first time on appeal in a reply brief, that argument is deemed waived because the appellee will not get an opportunity to respond to the argument." *In re Hailey*, 2020 VI 14, ¶ 20 n.7 (quoting *Benjamin v. AIG Ins. Co. of Puerto Rico*, 56 V.I. 558, 567 (V.I. 2012)). "But an appellant generally may, in a reply brief, respond to arguments raised for the first time in the appellee's brief." *United States v. Powers*, 885 F.3d 728, 732 (D.C. Cir. 2018) (citation omitted). *See Loja v. Main St. Acquisition Corp.*, 906 F.3d 680, 684 (7th Cir. 2018) (same). Because the People's arguments were raised for the first time in their appellate brief, this Court will consider A.A.P.'s waiver argument. (JA 123-125).

¶ 9    To support his contention that the People waived the arguments within their response brief, A.A.P. cites to *Benjamin*, 56 V.I. at 566, and *St. Thomas—St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 335–36 (V.I. 2007). (Appellant's Reply Br. at 1-2). Both cases, however, involve parties in trial court proceedings waiving their arguments, rather than parties on appeal waiving their

arguments. Consequently, *Benjamin* and *Daniel* are neither instructive nor persuasive in this context. In fact, there are only "a few cases that consider waiver rules for appellees." *Texas Democratic Party v. Abbott*, 978 F.3d 168, 177 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 1124 (2021).

¶ 10    Those few cases suggest that "the rules against considering an argument not properly presented are more generous for an appellee than for an appellant." *Id.* at 178 (citing *United States v. Guillen-Cruz*, 853 F.3d 768, 777 (5th Cir. 2017)). The rationale behind this principle is that "[a]ppellees neither select the issues for the appeal nor file reply briefs, leaving them at a disadvantage in being able to present all favorable arguments on appeal." *Id.* at 178. Consequently, "as to waiver, the rules for appellants and appellees are not identical." *Id.* at 177 n.4.

¶ 11    Therefore, generally, "an appellee's failure to raise an issue in the trial court does not preclude him or her from asserting that issue on appeal as a ground for affirming the trial court." *Unger v. State*, 48 A.3d 242, 255 (Md. 2012). Here, the People are the Appellees and were merely responding to A.A.P.'s arguments presented on appeal. Therefore, the People's failure to preserve arguments which they now raise on appeal is not dispositive. *See id.* ("[T]his Court has consistently taken the position that an appellee is entitled to assert any ground adequately shown by the record for upholding the trial court's decision, even if the ground was not raised in the trial court...."); *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 54 (2d Cir. 2004) (The Second Circuit considered an administrative exhaustion argument despite "find[ing] it notable that the government failed to raise the issue of administrative exhaustion below, and raises this defense for the first time on appeal."); *Cf. Abbott*, 978 F.3d at 177 n.4 ("An appellant's failure to raise an issue in an initial appeal constitutes a waiver of having the issue considered on remand; not so for the appellee.") (internal citations omitted); *Guillen-Cruz*, 853 F.3d at 777 ("Whether we will consider an unpreserved

argument is a matter of discretion[, a]lthough we construe this rule more leniently when the party who fails to brief an issue is the appellee....") (citation omitted).[1] For the above reasons, this Court will consider the People's arguments.

**B. The Superior Court's Placement of A.A.P. Under the Continuing Supervision of DHS**

¶ 12   A.A.P. argues that the Superior Court improperly placed him under unauthorized administrative probation without statutory authority. (Appellant's Br. at 10). This Court agrees.

¶ 13   In the context of juvenile cases, the United States Supreme Court has noted that "minority 'is a time and condition of life when a person may be most susceptible to influence and to psychological damage.'" *Schall v. Martin*, 467 U.S. 253, 266 (1984) (quoting *Eddings v. Oklahoma*, 455 U.S. 104, 115 (1982)). This is because "juveniles 'often lack the experience, perspective, and judgment to recognize and avoid choices that could be detrimental to them.'" *Id.* (quoting *Bellotti v. Baird*, 443 U.S. 622, 635 (1979)). Consequently, juvenile courts "function in a unique manner." *McKeiver v. Pennsylvania*, 403 U.S. 528, 547 (1971). Their objective is not to convict or punish, but to rehabilitate a youthful offender. *Gov't of the V.I. v. Brodhurst*, 5 V.I. 306, 312 (V.I. Mun. Ct. 1966); *See* 5 V.I.C. §2501(c) ("The policy for children who commit delinquent acts is a balance between treatment and sanctions"). Additionally, the best interests of the child standard applies when making decisions regarding the child. *In re L.O.F.*, 62 V.I. at 665.

¶ 14   With that in mind, extreme care must be taken to ensure that courts, particularly those in juvenile cases, only exercise powers that have been conferred upon them by statute. *State ex rel.*

---

[1] Further, "in contrast to an appellant's failure to raise an argument, which would constitute a waiver of that argument, 'the answering party's dereliction ... could not constitute [such] a [traditional] waiver because, in the final analysis, it is for the Court to evaluate the issues presented by the appellant.'" *Patterson v. United States*, 597 Fed. Appx. 671, 673 (3d Cir. 2015) (quoting *Leslie v. Attorney Gen. of the U.S.*, 611 F.3d 171, 174 n. 2 (3d Cir. 2010)). That is to say, even when an appellee fails to file a brief or "waives" an argument, the Court is still "obligated to consider the appeal on the merits and [instead] 'proceed[s] without the benefit of an appellee's brief.'" *Id.* (quoting *Torisky v. Schweiker*, 446 F.3d 438, 442 (3d Cir. 2006)). *See, e.g., Woodrup v. Gov't of the V.I.*, 2022 VI 1. The issue is not necessarily conceded in favor of the appellant.

*Reynolds v. Kirby*, No. 2022-0630, 2023 WL 2529808, at *3 (Ohio March 16, 2023). Accordingly, "[u]nless there is a substantial compliance with the statutory requirements in these cases, the orders of the juvenile court will be reversed...." *Juvenile Court of Shelby Cty. v. State*, 201 S.W. 771, 773 (Tenn. 1918); *See also State ex rel. Price v. Childers*, No. E2011-00457-COA-R3-JV, 2012 WL 20005, at *5-7 (Tenn. Ct. App. Jan. 5, 2012) (unpublished) (holding that the trial court exceeded its statutory authority in juvenile matters, which warranted reversal).

¶ 15 Here, A.A.P. pleaded delinquent to simple assault, and the Superior Court adjudicated him delinquent and ordered him to complete six months of probation with various conditions. (JA 59, 63, 79). Under 5 V.I.C. § 2521, the Superior Court had authority to order A.A.P. to enter probation and to follow certain conditions once it adjudicated him delinquent. 5 V.I.C. § 2521(b). However, once the disposition of probation with conditions was made, 5 V.I.C. § 2524, titled "Probation" and § 2525, titled "Probation revocation ; disposition" governed the appropriate procedures for this case.

¶ 16 The Superior Court found that A.A.P. appeared unable to satisfactorily fulfill the terms of his probation, and therefore it *sua sponte* canceled A.A.P.'s final review hearing, transferred him to DHS for continued supervision, and closed the case. (JA 109-110). In doing so, the Superior Court did not cite any statutory or legal authority in its final order. Under § 2524 the Superior Court could terminate probation and discharge the child at any time if warranted by the conduct of the child and the ends of justice. 5 V.I.C. § 2524(a). However, in this case the Superior Court discharged A.A.P.'s probation and transferred him to DHS for an indeterminate period of continued supervision. The discharge under §2524 does not contemplate a transfer to DHS for continued supervision, or indeed any type of continued supervision, and therefore this section could not provide a legal basis for the Superior Court's order.

¶ 17    Under § 2525, a child on probation incident to being adjudicated delinquent, who violates a term of their probation, may be proceeded against in a probation revocation hearing. 5 V.I.C. § 2525(a). Under this section, the Superior Court "may extend the period of probation or make any other order of disposition specified in th[e] subchapter of a child adjudicated delinquent." 5 V.I.C. § 2525(f); *See* V.I. R. FAM. P. 37(g) (the court may revoke, modify, terminate, or continue probation, or order any other disposition authorized by law). However, none of the procedures specified in § 2525 were followed in this case.

¶ 18    The Superior Court may only begin such a revocation proceeding once the Department of Justice ("DOJ") has initiated it, by filing a complaint which states the grounds for revocation. 5 V.I.C. § 2525(b); V.I. R. FAM. P. 37(c)-(d). The Superior Court is also required to conduct a hearing regarding any alleged violations before extending, revoking, modifying, or making any other disposition with respect to the child's probation. 5 V.I.C. § 2525(d). At the hearing, the government must prove any probation violation by clear and convincing evidence, and the child must be afforded certain due process protections, such as the right of confrontation, and the right to be represented by counsel, as well as a right to cross-examine witnesses, and to be heard. 5 V.I.C. § 2525(e); V.I. R. FAM. P. 37(f). However, the DOJ did not file a revocation complaint in this case, the Superior Court did not hold a hearing, and A.A.P. did not receive his accompanying due process rights. As explained above, there is no statute or case precedent which permits the Superior Court to take the actions that it did in this case. Therefore, the Superior Court erred, and we must vacate its order transferring A.A.P. to DHS.

¶ 19    Like the Supreme Court of the United States, "[w]e recognize that juvenile courts, perhaps even more than most courts, suffer from the problems created by spiraling caseloads unaccompanied by enlarged resources and manpower." *Breed v. Jones*, 421 U.S. 519, 537 (1975).

Further, the subject matter of juvenile and family courts is a parade of pain in many cases, adding to the difficulties those judges face. However, the Superior Court must follow our governing statutes and the child's best interests standard in these cases to promote the welfare of the Virgin Islands' youth. Consequently, we must vacate the final order of the Superior Court, and remand for the court to conduct further proceedings in accordance with this opinion and 5 V.I.C. §§ 2524 and 2525.[2]

## IV. CONCLUSION

¶ 20    By *sua sponte* canceling A.A.P.'s final review hearing, transferring him to DHS for continued supervision, and closing the case, the Superior Court erred. The Superior Court acted outside the scope of its statutory authority granted under 5 V.I.C. §§ 2524 and 2525. On remand, the Superior Court must either terminate A.A.P.'s probation under § 2524, or follow the procedures set forth in § 2525 to extend, modify, revoke, or otherwise dispose of A.A.P.'s probation, should the DOJ file a motion to revoke probation under that section. The order of the Superior Court is vacated, and this matter is remanded for further proceedings.

**Dated this 11th day of January, 2024.**

**BY THE COURT:**

**MARIA M. CABRET**
**Associate Justice**

---

[2] Because we vacate the Superior Court's final order, A.A.P.'s assignment of error to the Superior Court's denial of his motion to reconsider its final order is moot, and this Court need not address that argument. *In re L.O.F.*, 62 V.I. at 659 n.5.

ATTEST:

**VERONICA J. HANDY, ESQ.**
**Clerk of the Court**

By: _____
     **Deputy Clerk**

Dated: _____1-11-2024_____